*120
 
 Per
 
 Curiam.
 

 White j. and Overton j. (absent Campbell, J.)
 

 The position assumed by the counsel that it will require as strong ground to set aside a non suit as to grant a new trial, is surely not correct
 
 *
 
 The setting aside a non suit so as to make way for a trial might with much greater propriety be compared with
 
 the
 
 principles which govern the court in granting continuances, though not strictly applicable. In the case of Sharpless vs. Sevier and Harrison, though the suit had been in court three years, the cause had been continued generally, or by consent until this court, when the affidavit was filed: there was no trial is that case; the affidavit disclosed reasonable exertion to come to
 
 trial;
 
 unless the plaintiff discovers a disposition to trifle, or such a degree of negligence, as to amount to a manifest fault—courts of justice will incline to a continuance upon the first application, and thus avoid dismissing the complaint without a trial, thereby subjecting the party to the necessity of instituting a new suit.
 

 The non suit in the other case, was set aside upon the ground of surprise. In the principal case a trial has been had, in which the defendant chose to rely upon the weaknees of his adversaries title, without producing one of his own. No application was made for a continuance, upon the ground of the want of a grant. Where the party voluntarily comes to trial, we cannot permit him first to try one method of defence, and then another
 
 ;
 
 this would be trifling with the time of a court of justice, and prostrating the most important institution, for determining the disputes of men—the trial by jury.—It would be two dangerous to allow parties to feel the public pulse through the medium of a jury, and make experiments upon the different points, arising in their causes, besides it is to be presumed, that the defendant knew where his grant was before the trial.—He certainly must have known whether he should rest his case upon a title or not—If he knew of the evidence, and did
 
 *121
 
 not produce it, he cannot afterwards make it the cause for a new trial.
 

 With respect to the discovery of Kings testimony, we are of opinion, it is not sufficient to set aside this verdict, it is, to impeach Wallings credit which was attempted at the trial but we are clearly convinced without effect; there was testimony confirming his evidence—Wallin swore that he was not interested, by the principles of law we are constrained to presume that what he swore was the truth—One attack having been made on his credit, upon as strong ground as that made in the affidavit, as it occurs to us, which had no effect either with the jury or the court, we do not think ourselves authorised to grant a new trial upon this ground
 
 (2)
 

 Rule discharged.
 

 *
 

 Vide
 
 7
 
 T. Rep. 178.
 

 (2)
 

 See 4 John. 425-6. Wil. ed.Bac Ab. 672.