PeR CuRIAM.
 

 The writ was against Young and three others for an assault and battery. The sheriff returned “
 
 executed
 
 *
 
 on
 
 Young,
 
 the others not yet taken.”
 
 At the return term, a declaration was filed against Young in custody, in conjunction with the other not yet taken. Judgment by default was entered against Young, and a writ of inquiry awarded. No further process was sued out against the others. At the next term, Young filed a plea in abatement, that he was attending court as a witness when the writ was executed on him; this plea is not verified by affidavit or otherwise, and the record takes no further notice of it. At the term next following, a judgment by default and writ of inquiry were again entered; and in February term, 1815, a jury assessed the damages to $50. Young appealed to the Circuit Court. At October term, 1816, $240 damages were assessed by a jury. Young filed an affidavit stating that Shannon, one of the jury, is so much his enemy, that he believes he would never do him justice ; had he been in court he would have objected to him, but not expecting the cause would have come on so soon as it did, he was not in so much hurry to come to court in the morning as he otherwise would have been.
 

 Since the trial he has discovered a material witness, John Cavett; that he knew not of his materiality before, and could by no diligence have acquired that information. Cavett’s affidavit is annexed ; he heard Stringer, since the commencement of the suit, say that he would not have prosecuted it against Young had it not been for an old quarrel he had with Young, and the malice and ill-will he had borne him ever since. On these affidavits a new trial was prayed and refused, and judgment entered for the damages assessed. The cause was removed to this court by writ of error. The errors assigned are, first, the refusal to grant a new trial. There is no error in this, the defendant offers no sufficient excuse for not attending to his cause, and excepting to the juror, if cause of exception existed. * If a juror be not excepted against before sworn, the ex
 
 *540
 
 ception afterwards in ordinary cases comes too late. There is no allegation that his witnesses were absent; but of new evidence since discovered, great caution ought to be used. New' trials are seldom granted upon allegations of this nature ; but in this case, had Oavett been present, his testimony, as stated in the affidavit, ought not to have had any effect upon the merits of the cause. Secondly, it is alleged that the court ought to have given judgment on the plea in abatement before proceeding in the' cause. The plea was. not verified by affidavit or otherwise, and ought not to have been received, nor any notice taken of it. 1794, ch. 1, § 61. Thirdly, it is assigned for error, that the plaintiff below proceeded against Young alone, on whom the process was executed, and discontinued the process as to the others. When several are sued in trespass and one is taken, the plaintiff cannot declare against him till the process be run out against the others, and then the plaintiff may declare with a
 
 simul cum.
 
 Admitting that a
 
 nolle prosequi
 
 may be entered as to those not arrested, still, before it is entered, the defendant has no notice that the declaration is intended to be filed.
 

 To file it under such circumstances, and take judgment against the defendant, Young, is the same in effect as to proceed against one having no notice that you have made him liable to be proceeded against. An assessment of damages will not cure the irregularity of this procedure under the act of jeofails, for these speak _ of verdicts on issues joined, where the party has appeared, and, overlooking other objections, proceeded to some material fact, putting the same in issue. In case of a default not regularly taken, it would be unjust to preclude the objection, for then in all cases the defendant might be precluded, and might be proceeded against when none but himself is taken, and although no notice may be given to him of the * declaration filed, or that he ought to plead to it, so as to prevent judgment by default.
 

 Reverse the judgment. 5 Viner, “ Continuance and Discontinuance,” E, vol. 5, pp. 485, 486, §§ 1, 11, 12, 13 ; Salk. 115; Bl. Rep. 759; Doug. 169, note 56,
 
 Philpot
 
 v.
 
 Miller.
 
 Vide Cro. El. 762, where, in trespass, a
 
 nolle prosequi
 
 as to one is a discharge of all; 1 Wilson, 306; Salk. 457.
 

 See, as to
 
 negligence in applications for new trial, Harbour
 
 v.
 
 Rayburn,
 
 7 Yer. 42;
 
 Potter
 
 v.
 
 Coward,
 
 Meigs, 22;
 
 McAlister
 
 v.
 
 Williams,
 
 1 Tenn. 119. See King’s Digest, 241, 9353, 9418, 9513, 11,433, 9027
 
 et seq.,
 
 and cases there collected.