## Linch *v.* Linch *et als.*

1. Writ of Error. *Motion to dismiss. When to be made.* Motion to dismiss writ of error for want of sufficient bond, or defective bond, must be made at next term after notice of grant of writ, or delay satisfactorily accounted for and explained.

2. Same. *Who entitled to prosecute.* On trial of case involving validity of a will, all parties interested in the result of the litigation, such as heirs and distributees who would be concluded by the judgment, on the issue *devisavit vel non,* are entitled to prosecute a writ of error, though not parties of record to the contest of the will.

3. Will. *Devisavit vel non Statements of testator. Evidence.* Statement of the testator going to the validity of the will, are competent to be proven on the issue, without being part of the *res gesta,* or made at the time of the execution of the will, or in the presence of the devisee or legatee.

---

### FROM BEDFORD.

---

Writ of error from the Circuit Court of Bedford county. W. H. Williamson, J.

Bearden for Linch.

Davidson for Linch *et als.*

Freeman, J., delivered the opinion of the court.

This is a contest as to the validity of a will—verdict and judgment in Circuit Court of Bedford in April, 1874. Writ of error granted in this court on complainants giving bond and security for costs in February, 1876. The entry on the record says, "which was accordingly done."

On the calling of this cause at this term, a motion is made to dismiss for want of security to the bond, assuming that there is no security to the bond, but only a bond signed by the parties themselves (which is not perfectly clear, however), the motion comes too late. Notice of granting the writ of error was given to the opposite parties in March, 1876. We held, in *Tedder* v. *Odom et als.*, 2 Heis., 51, and *Gillespie* v. *Goddard*, 1 Heis., 777, in such case that the motion should be made at first time after filing transcript, unless good cause should be shown for such failure. This has been our uniform practice, we believe, and we see no cause to change the rule.

The party could waive additional security on the bond besides the makers, if he chose, and ought not to be allowed to set by and by silence acquiesce in the sufficiency of the bond until the case is called for hearing, and then raise what should have been a preliminary objection, which ought to have been disposed of before.

It is next objected that the parties prosecuting the writ of error were not parties to the suit in the court below. This is true as a matter of fact, that is they were not actively concerned cr named as parties to the record in the contest in the court below. They are children, or a child and grandchild of the testator, the grandchild representing his parent, who is dead. In this aspect of the case they are interested in the result, as the will gives the entire estate, we believe, to the wife, and if it is set aside the parties seeking to prosecute the writ of error will be heirs

and distributees, and as such entitled to a share of the estate. If the will is established in this contest, it has long been settled in this State, it will be conclusive of their rights, and can never be contested again. It is a proceeding in the nature of a proceeding *in rem.* *Hodges* v. *Buchanan,* 8 Yer., 186; 5 Col., 297. This being so, the rights of these parties are not only affected, but actually concluded by the result of the judgment or the issue *divisavit vel non.*

The general rule undoubtedly is, that only parties upon the record can appeal, or bring a writ of error. *Moreau et als.* v. *Saffarans & Co. et als.,* 3 Sneed, 602. The reason of the general rule is given in the above case, "because not being parties, they cannot, in contemplation of law, be affected possibly by the decree."

But in the issue *devisavit vel non,* the heirs and distributees are affected, and their rights conclusively settled by the result of the judgment, whether parties to the record or not. We think, therefore, the rule cannot apply to such parties, and they should be an exception to the general rule growing out of this peculiar effect given to such adjudication.

The next question presented is as to the correctness of his Honor's charge. The contest was made in the court below on the question of capacity of testator, and whether the will was not obtained by or under the influence of the wife. On this last, probably, was the main contest. His Honor said to the jury, "when you come to consider the question of undue influence, the declarations of testator in refer-

ence to his will cannot be considered . by you unless they were made at the time the will was written or executed, or republished in the presence of attesting witnesses or declarations to or in the presence of his wife."

We need not discuss this question at length. The general question was examined at length in an opinion at last term by Judge McFarland, MS., *Alexander* v. ——————, in which the rule was held the other way, following the case of *Reel* v. *Reel*, 1 Hawks., N. C., and other cases. We refer to that opinion for the reasons for our conclusion, and feel satisfied with what was then held.

For this error in the charge the case must be reversed, and remanded for a new trial.