## MARY STANLEY v. E. G. McKINZER, Adm'r.

1. PLEADING. *Presumption of payment.* To obtain the benefit of the presumption of payment from lapse of time, there should be an averment of payment in the pleading.

2. SAME. *Same. Evidence.* The presumption of payment may be rebutted by any evidence tending to satisfy the mind that the debt has not been paid.

3. APPEAL. *Administrator.* Upon a bill filed under the Code, sec. 2209 *et seq.*, for the appointment of an administrator and settlement of an estate, a distributee may appeal from a decree adverse to the interest of the estate, whether the administrator appeals or not.

### FROM MEIGS.

Appeal from the Chancery Court. W. M. BRADFORD, Ch.

T. M. BURKETT and H. T. CAMPBELL for complainant.

ALLEN & ALLEN for defendant.

COOPER, J., delivered the opinion of the court.

In the month of July, 1858, Richard Stanley departed this life intestate, without children, leaving the complainant Mary Stanley, his widow, and sole distributee. Among his personal assets were two notes of Josiah Howser, payable to him one day after date, and under seal, one dated January 6, 1856, for $100 in gold, the other dated November 21, 1856, for $50

in gold.    On the first of these notes was a credit of
$6 as of the 8th of January, 1857, and a credit for
the same amount as of the 8th of January, 1858.
No administration was taken out on the estate of
Richard Stanley, but his widow retained possession of
his personal effects, and doubtless paid his debts, if
any.    Josiah Howser was a brother of complainant,
and in embarrassed or narrow circumstances until short-
ly before his death, which occurred in the month of
June, 1878.    The defendant E. G. McKinzer was ap-
pointed administrator of his estate in August, 1878.
This bill was filed on June 13, 1879, to recover from
Howser's estate the amount due on the two notes
above described.    During the progress of the suit,
the clerk and master of the court was appointed ad-
ministrator of the estate of Richard Stanley, and the
bill was amended so as to be a general creditor's bill
for the administration of the estate.

The complainant says she retained these two notes
as a means of procuring a support from their pro-
ceeds in her old age;    that her brother knew of her
intention, and often in his last years promised to pay
her the amount due thereon;    that he often told other
persons that he owed her the debt, and intended to
pay her;    that when his health began to fail he sold
his land, assigning as a reason that complainant need-
ed the money, and should have it;    and that he prom-
ised to pay her within six years, and within one year
before his death.

The defendant in his answer admits the death of
Richard Stanley intestate, without children, and that

complainant is his widow and distributee as alleged. He admits that his intestate was the brother of complainant, and that they got along together as brother and sister should do. He does not deny the execution of the notes by his intestate, nor does he claim that they have ever been paid. He relies upon the statute of limitations, and denies, upon information and belief, that his intestate ever agreed to pay the notes within six years before his death.

At the time the notes sued on were executed there was no statute of limitations applicable to instruments under seal, and by the express terms of the Code, which went into effect May 1, 1858, such instruments were not affected by the limitations therein provided: Code, sec. 47. The rights of the parties are regulated by the pre-existing law: *Mason* v. *Spurlock*, 4 Baxt., 554. By that law, payment of the notes might be presumed after the lapse of sixteen years from their maturity until the commencement of an action upon them: *Squibb* v. *Blackburn*, Peck, 64. From the time which has thus elapsed in this case must be deducted, according to some of our authorities, the period during which the courts were closed by the civil war: *Conner* v. *Mathis*, 5 Heis., 575; *Kirkpatrick* v. *Brashear*, 10 Heis., 372. And, according to other of our authorities, the period of the suspension of the statutes of limitation: *Carter* v. *Wolfe*, 1 Heis., 694; *Gwyn* v. *Porter*, 5 Heis., 253; *Sims* v. *Chattanooga*, 2 Lea, 694. In either view, the sixteen years have elapsed. But the lapse of the required time only raises a presumption of payment, and the defense at

law would be made by putting in a plea of payment (Peck, 64), and in equity by an averment of payment in the pleadings: *Carter* v. *Wolfe,* 1 Heis., 694; 5 J. Ch., 550. No such averment is made in this case.

The presumption of payment may, moreover, be rebutted by any evidence tending to satisfy the court or jury that the debt is still due. The relationship of the parties, the condition of the debtor as to solvency, the leniency or the reverse of the creditor, the recognition of the debt, or other circumstances, may repel the presumption: *Anderson* v. *Settle,* 5 Sneed, 202; *Yarnell* v. *Moore,* 3 Cold., 173. And the recognition of the debt need not be made directly to the creditor, nor to some person with the intent that it should be communicated to him: *Fisher* v. *Phillips,* 4 Baxt., 243. To avoid the bar of the statute of limitations, the new promise must be made to the creditor or his agent, or to a third party to be communicated to the creditor: *Roller* v. *Bachman,* 5 Lea, 153. The reason is, that the statute confers a positive right, which can only be taken away by a new promise, express or implied. But the presumption of payment from lapse of time is not the matter of a plea in bar. It is matter of evidence in support of the plea of payment, or, as Professor Greenleaf puts it, "mere argument, of which the major premise is not a rule of law": 1 Gr. Ev., sec. 44. It may be rebutted by any circumstances satisfactory to the mind, not only without a new promise to pay, but without even a recognition of the debt: *Lyon* v. *Guild,* 5 Heis., 175.

All the witnesses who testify on the subject, even the witnesses of the defendant, establish the recognition by the defendant's intestate, within the last year or two before his death, of an indebtedness on his part to the complainant. One of these witnesses says that in the spring of 1878 the intestate told him he had paid all his debts except what he owed complainant; that he owed her for borrowed gold, for which she held his note; that he had sold his land to pay his debts, and intended to pay her when the money came to his hands. To another witness, he said he had owed her for a good while, and wanted to pay it. The evidence is ample to rebut the presumption of payment.

This being a bill for the administration of an estate, under the Code, sec. 2209 *et seq.*, any person interested in the estate had a right to appeal, whether the administrator chose to appeal or not: Code, secs. 2391, 2210. And it is very certain that complainant is exclusively entitled to the recovery.

Reverse the decree, and render a decree in favor of complainant with costs.