## MERRITT *v.* PRYOR.

### (*Knoxville.*     November 1st, 1887.)

PUBLIC ROADS.   *Parties.    Bond for costs.    Acts 1885, Ch. 2, construed.*

Under Acts 1885, Ch. 2, persons, upon whose application a public road has been granted and laid out, may be taxed with "all costs and damages" incident thereto, and, for this reason, are necessary parties to the proceedings to establish such road, and may be required by the Court, on motion of the opposite party, to give bond for costs, or, in default thereof, suffer dismissal of their application.

Cited: Acts 1885, Ch. 2, § 14.

Cases cited and distinguished: Goldman *v.* The Justices, 3 Head, 107; Beard *v.* The Justices, 3 Head, 98; Evans *v.* Shields, 3 Head, 72; Cannon *v.* McAdams, 7 Heis., 376.

---

### FROM MARION.

---

Appeal in error from the Circuit Court of Marion County.   D. C. TREWHITT, J.

W. E. DONALDSON for Merritt.

W. D. SPEARS for Pryor.

CALDWELL, J.   On the 15th of September, 1885, William Merritt and fifty-nine other citizens of Marion County addressed an application to the Commissioner of the Fourth Road District of that

county for the laying out and opening of a third-class road between given points.

Notice was given by said Commissioner to William Pryor, over whose land the proposed road was to run, of his intention to "inspect" the way on a day designated. On that day the Commissioner made the inspection, and reduced to writing, over his official signature, his decision that the road was necessary for the public travel, and that it be opened as a public road.

From this action of the Commissioner William Pryor prayed and obtained an appeal to the County Court, making his appeal bond payable to Merritt and the other applicants for the road.

At the November term, 1885, of the County Court a rule was made upon the applicants, or "petitioners," as called in the order, "to give bond and security for the prosecution of the application to open road." Petitioners excepted to this rule at the time; and at the January term, 1886, they "came into open court, through their attorneys, and refused positively to give bond;" whereupon "the petition" was dismissed and cost adjudged against the applicants, or petitioners.

From this judgment Merritt and others appealed to the Circuit Court, where his Honor, the Circuit Judge, adjudged that there was no error in the action of the County Court, and affirmed the same.

Merritt and others have appealed in error to this Court.

The question here is, whether or not the County

Court had authority to require the applicants to give bond for costs, and, in default thereof, to dismiss the proceeding at the cost of the applicants.

Their counsel has made a very earnest argument before us in denial of that authority.

It was held by this Court, in the case of *Goldman* v. *The Justices of Grainger County*, 3 Head, 107, that petitioners to the County Court for the change of a public road were to be held as mere informers, or relators, whose office was simply to bring the matter to the notice of the Court for its consideration, and that they had no such interest in the matter as would authorize them to appeal from the judgment of the Court refusing the application.

In another case, a third-class road had been established in Campbell County, on the application of Malinda Gibson. Beard, through whose land the road passed, appealed from the County to the Circuit Court.

In the latter Court, Malinda Gibson, the applicant for the road, was required to give bond for the costs of the case, upon the idea that she was the plaintiff in the controversy.

On appeal to this Court it was decided that she was not a party, in the legal sense, to the proceedings, and that, for that reason, the order requiring her to give security for costs was unauthorized. *Beard* v. *The Justices of Campbell County*, 3 Head, 98.

In· other cases coming before this Court, it was held that in all contests about public roads, the proper and necessary parties were the Justices of the county on the one side, and the person or persons 'whose pecuniary interest or individual property was affected on the other side; and that the petitioners or applicants for the opening or change of the road. had no such interest in the subject-matter as made them parties in the legal sense. *Evans* v. *Shields*, 3 Head, 72; *Cannon* v. *McAdams*, 7 Heis., 376. ·

These several cases were decided under the statutes then existing—mainly upon Section 1191 of the Code of 1858, which is the same as Section 1335 of the New Code.

But those statutes were expressly repealed and substituted by the Act of 1885, Chapter 2.

The present proceedings were instituted under the fourteenth section of that act, which is in the language following:

"*Be it further enacted*, That all applications to open, change, or close a road shall be made to the Commissioner of the district through which the road is located; or if the road extends into two or more districts, or is the dividing line between districts, then to the Commissioners of said districts, who shall act jointly, and shall give at least ten days' notice to all interested parties of the time they will inspect said roads, and may employ a surveyor to locate the same. Any person aggrieved by the action of the Commissioners

Merritt *v.* Pryor.

may apeal to the next term of the Quarterly Court of the county, *and, if the application is granted, all costs and damages shall be paid by the applicant,* unless, for good reason, they shall assess the same to the county, in which event they shall report their action to the next term of the County Court for its approval; and if the County Court disapproves the same, parties aggrieved may appeal to the Circuit Court." Acts 1885, Chapter 2, Section 14, page 35.

Here there is an express provision, upon the face of the act, that in a certain event "*all costs and damages shall be paid by the applicant.*"

If he may be liable for costs and damages—and the Legislature has seen fit to so declare—no reason is perceived why he should not be required to give a bond. On the contrary, we think the duty or obligation to execute the bond naturally follows that liability. If by virtue of the very statute under which he seeks the action of the officers or courts of his county he may be adjudged to pay costs and damages incurred in that behalf, it is just and proper to require him to prepare, in advance, to meet that contingency by the execution of a bond.

The general rule is that persons seeking to put the machinery of the courts in motion, may, or shall be required to execute prosecution bond. In view of that general rule, and the provision of the statute just quoted, with reference to the applicant's liability for costs and damages, we have

no hesitation in holding that the action of the County and Circuit Courts in this case was lawful and proper.

The statutes upon which the decisions we have mentioned were made contained no provision for the liability of the applicants for costs and damages in any event; hence those decisions have no application, on this point, to the case before us.

The contention of counsel for appellants that they were in no sense parties to the proceeding in the County Court would, if sustained, prove to be a two-edged sword; for, if they were not parties, they had no right to prosecute an appeal. 3 Head, 108; 7 Heis., 378.

Affirmed at cost of appellants.