GLOSSON, *v.* GLOSSON.

(*Jackson.*   April 12,  1900.)

APPEAL.   *Does not lie, when.*

An appeal cannot be maintained from a decree adjudicating a matter in which the appellant has no interest.

FROM   CARROLL.

Appeal from Chancery Court of Carroll County. A. G. HAWKINS, Chancellor.

Jo. R. HAWKINS for complainant.

GEO. T. McCALL for defendants.

WILKES, J. This bill was originally for divorce. It was granted. · As an incident to the divorce, the Court set aside the conveyances made by the husband, one of real estate and the other of personal property (two mules), the latter conveyance being to the defendant, John G. Crocker. After this latter conveyance was set aside or during the pendency of the proceeding for that purpose, Crocker administered upon the estate of Angeline Glosson, the mother of the defendant husband, and

as such administrator took the mules, by a replevin writ from a Justice of the Peace, out of the hands of the Sheriff, where they were under attachment in the divorce suit. He was enjoined from prosecuting the replevin suit, and thereupon offered to return the two mules to the Sheriff from whom he had taken them, but the Sheriff refused to receive them, and Crocker thereupon filed his petition in the divorce cause claiming the right to the mules as the property of the estate of Angeline Glosson. Upon the hearing the Chancellor decreed that the mules were the property of the estate of Angeline Glosson, and that Crocker, as her administrator, was entitled to recover them or their proceeds. From this holding there has been no appeal, though the decree was appealed from on other grounds, and was affirmed by this Court. Crocker kept the mules in his possession seven months and seventeen days, when they were sold by the Sheriff under order of the Chancery Court in the cause. Crocker presented his claim for compensation for keeping the mules seven months and seventeen days, and the Chancellor decreed that he was entitled to compensation, and a reference was ordered to fix the amount. The Clerk reported that he should be allowed $4.50 per month for each mule, and that he should be charged with their services for twelve days at 25 cents per day, that being all the time they were worked by Crocker. The Chancellor affirmed this

report and gave decree accordingly. In the meantime Cassie Glosson died, and her administrator was made a party, and he has appealed and says it was error to allow compensation at all for the keeping of the mules, and that Crocker should be charged with what their services were reasonably worth during the entire time he had them.

There has been no appeal from the adjudication that the mules belonged to the estate of Angeline Glosson, the appeal being limited to the account stated by the Master allowing compensation for the keeping of the mules, and denying any further charge for their hire or services. We are not able to see how the estate of Cassie Glosson is interested in this matter, as the property or its proceeds in no event goes to her under the decree of the Court. but the matters complained of are entirely matters affecting the distribution of the fund as · assets of the estate of Angeline Glosson, in which the · estate of Cassie Glosson is not interested. But we are also of opinion the decree rendered by the Chancellor was a proper one under the facts of the case. and it is affirmed with costs.