Lafollette *v.* Road Commissioner.

LAFOLLETTE *v.* ROAD COMMISSIONER.

*(Knoxville.* October 27, 1900.)

1. APPEAL. *Not dismissed for want of bond, when.*

Appeal will not be dismissed for want of bond where one is ten-dered before the motion to dismiss on that account is disposed of. *(Post, p. 538.)*

2. SAME. *Lies by Road Commissioner.*

A Road Commissioner is an interested party to a contest over the opening of a public road, in such sense that he may prosecute an appeal from the judgment of the County Court refusing to sustain his action in opening the road. *(Post, pp. 538, 539.)*

Code construed: §§ 1621, 1625 (S.).

3. SAME. *What constitutes record on appeal from County Court to Circuit Court.*

A transcript, not the original papers, constitutes the record to be sent up on appeal to the Circuit Court from a judgment of the County Court, and it is not necessary that a seal be placed to the certificate to the transcript. *(Post, p. 539.)*

Code construed: §§ 1625, 4882, 4885 (S.); §§ 3867, 3870 (M. & V.); §§ 3150, 3153 (T. & S.).

4. NOTICE. *Waiver of.*

Notice of the contemplated opening of a public road is waived by the landowner's appearing and making defense on the merits in the Courts. *(Post, p. 539.)*

5. PUBLIC ROADS. *Objection that a commissioner was not a freeholder immaterial.*

The objection that one of the commissioners for the laying out of a public road was not a freeholder becomes immaterial in the Circuit Court when the contest is tried *de novo. (Post, pp. 539, 540.)*

Case cited: Patton *v.* Clark, 9 Yer., 269.

6. SAME. *Contest heard at first term.*

A road contest stands for trial in the Circuit Court, on appeal, at the term on the first day of which the transcript was filed. (*Post, p. 540.*)

FROM CAMPBELL.

Appeal in error from Circuit Court of Campbell County. W. R. Hicks, J.

J. HENDERSON REID, and JOUROLMON, WELCKER & HUDSON for LaFollette.

J. E. JOHNSTON for Road Commissioner.

WILKES, J. This is a proceeding to open a public road through the premises of Mrs. Susan C. Lafollette, in the Fifth Road District of Campbell County.

The Commissioner, with two other persons selected by him, viewed the road and laid it off, and Mrs. Lafollette's damages were assessed by them at $100. Mrs. Lafollette appealed to the Quarterly County Court of Campbell County, where the matter was informally submitted to that body under the proposition made by the Judge of that Court. This proposition was in the following words and figures:

"All who believe that the action of the Road Commissioner in this matter is legal and that

the road should be opened as laid out by him and his jury of view, as your names are called say 'aye'; those who think otherwise will say 'no'."

The vote on this proposition stood nine ayes and thirteen noes. This was treated as a final judgment of that Court refusing to open the road, and the Road Commissioner appealed to the Circuit Court. In that Court it was tried on the merits by the Judge without a jury and he made the following finding and judgment:

"1. The public interest and welfare demand the opening of the road as laid off by the Commissioner and jury of view.

"2. The amount of the damages therefor is $100.70, which sum the defendant is entitled to demand and receive, and which sum will be paid out of the County Court funds."

And a final judgment was accordingly entered, and Mrs. Lafollette has appealed and assigned errors.

It is said that it was error to refuse to dismiss the appeal of the Road Commissioner because he gave no appeal bond. The statute does not require such bond in express terms, but if such bond was necessary the omission was supplied and cured by the Commissioner giving bond in the Circuit Court when the motion was made that the appeal be dismissed.

It is said that the Road Commissioner is not

Lafollette *v.* Road Commissioner.

an interested party in the eye of the law. Shannon, §§ 1621, 1625. This is not well assigned. He was perhaps the only person who could appeal, the action of the County Court having been adverse to his action. The petitioners are not required to appeal. Indeed, the Commissioner may act without any petition. The County Court could not appeal from its own action.

It is said the original papers were not sent up to the Circuit Court. This is not required. Upon an appeal from the action of the jury of view the papers shall be sent to the County Court. Shannon, § 1625. Upon appeal to the Circuit Court from the County Court a transcript, and not the original papers, should be sent up. Shannon, § 4882. It was not necessary that the seal of the County Court be placed to the certificate to the transcript. Shannon, § 4885.

It is said Mrs. Lafollette had no notice of the contemplated opening of the road. The report of the Commissioner recites that notice was given according to law, but whether she did or not, she came into the County Court on appeal, and contested the opening of the road on the merits and also in the Circuit Court contested the merits of the entire case, and the trial there was *de novo.*

It is said one of the Commissioners was not a freeholder. The affidavits made by both of them state that they were freeholders of the Fifth Dis-

trict. But this is immaterial, as the cause was heard *de novo* in the Circuit Court. Shannon, § 4884; *Patton* v. *Clark,* 9 Yer., 269.

The Court did not err in trying the case at the same term the papers were returned and filed. The transcript was delivered to the clerk of the Circuit Court on the first day of the term to which the appeal was taken, and it was triable at that term.

There is no reversible error in the proceeding, and the judgment is affirmed with costs.