# HARGRAVES v. HAMILTON NAT. BANK. No. 6.
## —184 S. W. (2d) 397.

Eastern Section.   November 27, 1944.

Petition for Certiorari denied by Supreme Court, December 2, 1944.

William Hughes, of Chattanooga, for plaintiff in error.

John W. Dineen, of Chattanooga, for defendant in error.

McAMIS, J.   By his appeal herein Honorable J. M. Hargraves of the Chattanooga Bar seeks a reversal of the judgment below sustaining an execution and garnishment based upon a judgment against him as surety upon a replevin bond.   It is insisted that for the various reasons covered by the assignments of error the judgment upon which the execution issued is void and that the trial court erred in overruling a motion to quash.

On October 12, 1942, defendant in error, Hamilton National Bank, instituted an original attachment suit in the Court of General Sessions against R. M. Sheridan pursuant to which Sheridan's automobile was attached. On October 30, 1942, that case came on for trial and Sheridan's defense that the automobile belonged to his wife was overruled and the attachment sustained.   On the same date Sheridan appealed to the Circuit Court and the case was set for trial on November 30, 1942, but, at the instance of Mr. Hargraves, Sheridan's attorney, the case was passed in the Circuit Court until December 28, 1942, when a judgment was entered sustaining the attachment and ordering sale of the automobile.

On October 30, 1942, the same date on which the General Sessions Court sustained the attachment, Georgia Sheridan, wife of R. M. Sheridan, instituted a replevin action against the attaching officers and the garage in which the automobile was stored. Mr. Hargraves signed the replevin bond as surety and the automobile was taken out of the possession of the officers and the garage and, apparently, disposed of by Mrs. Sheridan.

The replevin action did not make the Bank a party and it was not apprised of the replevin proceeding until after judgment in favor of Mrs. Sheridan had been rendered; and it did not know that the automobile had passed out of the hands of the officers until a search was made for it for the purpose of having it sold pursuant to the judgment of the Circuit Court in the attachment proceeding. As soon as it learned these facts the Bank filed its petition for certiorari in the Circuit Court to have a review of the judgment in favor of Mrs. Sheridan in the replevin suit.

After a hearing ex parte a judgment was entered in the Circuit Court on July 8, 1943, reversing the judgment in the replevin suit, substituting the Hamilton National Bank as the real party in interest, and granting judgment in the Bank's favor against Georgia Sheridan and her surety, J. M. Hargraves, for $250 and costs, but providing that the money judgment would be satisfied by the return of the automobile described in the replevin writ within thirty days from the entry of the judgment. The automobile was not returned and, on November 6, 1943, approximately four months after judgment, execution issued from the Circuit Court against Georgia Sheridan and J. M. Hargraves, surety, and was executed by serving garnishment notice upon the Pioneer Bank to answer how much it was indebted to J. M. Hargraves. Mr. Har-

graves received timely notice of the garnishment and, on December 4, 1943, filed his motion to quash and discharge the garnishee upon various grounds. On December 20, 1943, his motion was overruled and the garnishment sustained. Motion for a new trial and a motion in arrest of judgment were, successively, filed and overruled.

It is insisted that the judgment upon which the execution issued is void because the replevin writ fails to state a cause of action, does not bear teste and that judgment could not be rendered against plaintiff in error because he was not a party to the proceeding.

The insistence that the warrant failed to state a cause of action is based upon its failure to describe the property. We think this insistence is without merit. The affidavit accompanying the warrant described the automobile as "one 1937 Chevrolet Coach motor number 89-2014, serial number 8G.B06-B39 25". We think the affidavit might be treated as a part of the warrant and would enable the executing officer to identify and seize the property intended. The affidavit is attached to the warrant and the warrant specifically refers to the affidavit for description of the property. This is sufficient. O'Brien v. State, 158 Tenn. 400, 401, 14 S. W. (2d) 51. At most the judgment was voidable and not void and it is only where the judgment upon which the execution issued was void that motion to quash will lie. Mabry v. State, 17 Tenn. 207; Roche v. Washington, 26 Tenn. 142.

We think the same may be said of the failure of the issuing authority to give the date of issuance. The warrant bears the following teste: "Witness, Zelma F. Sherrill, Clerk of said Court at office Chattanooga ——— day of ——— 194— Zelma F. Sherrill, Clerk. By H. Sherrill, Deputy Clerk." Both the affidavit and the replevin bond are dated October 30, 1943, and it may be

fairly assumed that this was the date of issuance of the writ. We do not think the warrant void under Article 6, Section 12, of the Constitution of Tennessee as insisted. The defects relied upon, in our opinion, did not render the judgment void but constitute mere irregularities, and it is difficult to follow the argument that the surety should be relieved as the result of deficiencies in the proceeding for which his principal was responsible. It is generally held that such irregularities cannot be set up in defense of an action on the replevin bond and that the plaintiff in replevin and his sureties are estopped to rely upon such deficiencies after the property has been taken out of the possession of the defendant. 54 C. J. 661; Three States Lumber Co. v. Blanks, 6 Cir., 133 F. 479, 69 L. R. A. 283; Leeper, Graves & Co. v. First Nat. Bank, 26 Okl. 707, 110 P. 655, 29 L. R. A. (N. S.), 747, Ann. Cas. 1912B, 302. A different question, of course, arises where the entire proceeding is void as in Frazier v. Nashville Gas & Heating Co., 164 Tenn. 8, 46 S. W. (2d) 62.

It is next insisted the judgment is void because the Hamilton National Bank in whose favor the judgment was rendered was not substituted in the General Sessions Court prior to judgment; that it could not bring the case to the Circuit Court by certiorari since it was not a party to the suit in the Sessions Court and there was no judgment against it. The Bank was the real party in interest though the replevin ran nominally against the attaching officers and the garage where the automobile was stored. It had no notice that its rights were being determined in the General Sessions Court and it had no opportunity to become substituted for the officers until the judgment had become final.

In this State any party in interest whether or not nominally a party to the suit may prosecute an appeal.

Lafollette v. Road Commissioners, 105 Tenn. 536, 58
S. W. 1065; Glosson v. Glosson, 104 Tenn. 391, 58 S. W.
121; Goldman v. Justices, 40 Tenn. 107; Merritt v. Pryor,
86 Tenn. 155, 5 S. W. 534; Stanley v. McKinzer, 75 Tenn.
454; Linch v. Linch, 69 Tenn. 526.

■ By cognate reasoning where, without fault, a
party in interest is deprived of the right of appeal and
must resort to certiorari which, in this State, is recognized as a substitute for appeal, we think the writ would
lie if the applicant has a direct and immediate interest
at stake though not a party to the suit.

"If a person not a party to the proceeding seeks to
use the writ (certiorari), he must show that the decision
sought to be reviewed is directed against him or his
property, in the sense that the enforcement of the decision would involve special, immediate, and direct injury
to his interests." 10 Am. Jur. 542, where numerous cases
are cited in footnote 17.

■ The assignments do not question the failure of
the Bank to give notice of the certiorari proceeding and
we are not called upon to determine the effect of this
omission. The surety on the bond was to all intents and
purposes a party to the replevin proceeding and judgment was properly rendered against him in that proceeding. Indeed, if not rendered in that proceeding, none
could be rendered in a future action upon the bond.
Securities Investment Co. v. Pioneer Sales Co., 178 Tenn.
360, 160 S. W. (2d) 895, 144 A. L. R. 1144.

■ We find without merit the insistence that the
execution is void because the judgment authorized satisfaction by return of the property. The plaintiff and
surety had four months within which to return the property, and this was, in our opinion, a reasonable time. The
judgment required the return of the automobile within

thirty days, and issuance of execution was warranted under the circumstances.

Finally, it is insisted that the trial court erroneously subjected $280.15 of plaintiff in error's bank account, the evidence showing that only $163.43 belonged to him personally and that the remainder belonged to his clients. This question was not made by any of the grounds assigned in the motion for a new trial, and under the familiar rule, cannot be considered here.

For the reasons indicated we must overrule the assignments of error and sustain the judgment. Costs will be adjudged against plaintiff in error and the surety on the appeal bond.

Hale and Burnett, JJ., concur.