William Roy NICHOLS, Plaintiff-Appellee,

v.

HERRIN TRANSPORTATION CO., a corporation, Defendant-Appellant.

No. 15233.

United States Court of Appeals
Sixth Circuit.

July 1, 1963.

Richard A. Bishop, Washington, D. C. (James W. Wrape and James N. Clay, III, Memphis, Tenn., on the brief; Wrape & Hernly, Memphis, Tenn., of counsel), for appellant.

John S. Porter, Memphis, Tenn. (Leland E. Carter, John S. Porter, Memphis, Tenn., on the brief; Burch, Porter & Johnson, Memphis, Tenn., of counsel), for appellee.

Before WEICK, Circuit Judge, and KENT and FOX, District Judges.

PER CURIAM.

This case is before the court on appeal from a jury verdict in favor of the appellee, who was the plaintiff below. During the course of the trial the District Judge denied the motion by the defendant-appellant for a directed verdict at the end of the proofs of the plaintiff-appellee, and subsequently the trial court denied the motion of the defendant-appellant for a judgment notwithstanding the verdict or in the alternative for a new trial.

Briefly, the facts show that on the 17th day of October, 1961, at approximately 9:30 in the evening, plaintiff-appellee was driving his automobile on highway 61 in Shelby County, Tennessee. A tractor and trailer owned by the defendant-appellant and operated by an employee of the defendant-appellant was being operated in the same direction and to the rear of the plaintiff-appellee. Plaintiff-appellee made a left turn, a collision resulted. There is a conflict in the evidence as to the actions of the two drivers immediately preceding the collision. Plaintiff-appellee claims that he slowed down, caused his red taillights to "flicker" to give warning of intent to turn, and put out his hand to signal an intent to turn. The driver for the defendant-appellant claims that he signalled his intent to pass by "flicking" his lights up and down, that he pulled to the left hand lane, which is denied, that the plaintiff-appellee turned directly in front of him. Plaintiff-appellee filed an action for damages, defendant-appellant filed a cross action for damages.

Our attention is called to Vest v. Bitner, 34 Tenn.App. 575, 241 S.W.2d 438. It is seldom that a case so directly in point can be found. The facts in Vest v. Bitner, supra, bear a great similarity to the facts in the case at bar.

The Court of Appeals of Tennessee stated 241 S.W.2d at page 441:

"Under the proof, there being disputed issues of fact, a jury question was presented, and the jury having adopted Bitner's theory as to how the accident occurred, we find there was ample evidence to support the verdicts. In the following cases this court has heretofore held that issues of negligence and contributory negligence are questions for the jury." [citations omitted].

See also Adams v. Brown, 37 Tenn.App. 258, 262 S.W.2d 79.

Under the circumstances we are satisfied that the trial court properly submitted the issues of fact to the jury, and that under Tennessee law the issues raised by the defendant-appellant were for the jury to determine.

The judgment is affirmed.