C.A. HOBBS, JR., INC,                )
                                     )
        Plaintiff/Appellee,          )    Appeal No.
                                     )    01-A-01-9506-CV-00236
v.                                   )
                                     )    Montgomery Circuit
DAVID BRAINARD,                      )    No.  C9-772
SUSAN B. REYES and                   )
CAROL B. HAM,                        )
                                     )
        Defendants/Appellants.       )

FILED

Nov. 3, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT FOR MONTGOMERY COUNTY

AT CLARKSVILLE, TENNESSEE


THE HONORABLE JAMES E. WALTON, JUDGE



ROBERT H. MOYER
Rudolph, Ross & Fendley
107 North Third Street
P. O. Box 925
Clarksville, Tennessee  37041-0925
        ATTORNEY FOR PLAINTIFF/APPELLEE


V. MICHAEL FOX
Bruce, Weathers, Corley Dughmand & Lyle
First American Center, 20th Floor
315 Deadrick Street
Nashville, Tennessee  37238-2075
        ATTORNEY FOR DEFENDANTS/APPELLANTS




REVERSED AND REMANDED




                            SAMUEL L. LEWIS, JUDGE

O P I N I O N

This is an appeal by defendants/appellants from the trial court's order granting plaintiff/appellee's motion for summary judgment and the resulting judgment entered in favor of plaintiff/appellee, C.A. Hobbs, Jr., Inc. ("Hobbs").

The facts out of which this matter arose are as follows. On or about 9 February 1981, Dr. Clara Brainard Wagner, appellants' mother, executed a promissory note in the principal sum of forty-three thousand seven hundred ninety-one dollars ($43,791.00). The note accrued interest at seven percent and was payable on demand to the order of Hobbs.

On or about 26 March 1984, appellants entered into a contract with Hobbs in which they assumed the indebtedness of the promissory note. The pertinent portion of the agreement provides as follows:

> Brainard, Reyes and Ham will unconditionally assume the indebtedness evidenced by a promissory note in the amount of $43,791.00, dated February 9, 1981 plus accrued interest from February 9, 1981 made by their mother, Clara Brainard, to C.A. Hobbs, Jr., Inc., with the understanding that they will pay this indebtedness from the first proceeds received from the syndication of a 48 unit apartment complex in Pembroke, Kentucky which is anticipated to be syndicated in March of 1984. Unavailability of funds from the syndication of the Pembroke, Kentucky property or inability to syndicate said property shall not relieve them from liability on said note; however Hobbs will not demand payment of said note within a period of 1 year from date hereof or the settlement of the Estate of Clara Brainard, whichever shall first occur. After demand, Brainard, Reyes and Ham waive protest and dishonor and agree to pay a reasonable attorney fee if said note is placed in the hands of an attorney for collection.

It is without question that the promissory note at issue is a demand note. Tennessee law requires a party to bring an action to collect on a demand note within ten years of the date of

2

execution. *Jenkins v. DeWar*, 112 Tenn. 684, 685-86, 82 S.W. 470, 470 (1904); Tenn. Code Ann. § 28-3-109(c)(1980). In this case, the statute ran on 9 February 1991, ten years after the execution of the note on 9 February 1981.

In *Hall v. Skidmore*, 171 S.W.2d 274, 275 (Tenn. 1943), the Tennessee Supreme Court set forth the rule that an acknowledgment of a debt does not toll the statute of limitations unless:

> [It is] "coupled with an expression of a willing-ness to pay." Such an expression might be implied from words or acts of the debtor, but, in whatever form it is to be found, it must amount to the recognition of a continuing obligation. In other words, the acknowledgment of the debt will be construed as a "willingness to pay" when the facts and circumstances surrounding the parties indicate an intention on the part of the debtor to revitalize the original promise. . . .

*Hall*, 171 S.W.2d at 275 (citing 34 Am. Jur., P. 235 and cases cited). In 1979, the Tennessee Supreme Court addressed the issue presented in *Hall* once again. *Graves v. Sawyer*, 588 S.W.2d 542 (Tenn. 1979). As in *Hall*, the court had to decide whether payments of interest on a promissory note tolled the statue of limitations. *Id.* The *Hall* court applied the rule quoted above and concluded that payments of principal and interest alone did not constitute a willingness to pay. *Hall*, 171 S.W.2d at 275-76. In **Graves**, the court restated the rule in *Hall*, but then criticized it for being "entirely too harsh." *Graves*, 588 S.W.2d at 544. As a result, the court held that, absent evidence to contrary, "the affirmative act of a debtor in making a voluntary, unconditional payment on a debt, or interest due on a debt, is such an act that implies 'a willingness to pay.'" Note, however, that the *Graves* court did not overturn the rule set forth in *Hall*. Instead, the *Graves* court overruled the conclusion reached by the *Hall* court. *See Id.* Thus, it still remains the law of this state that the maker of a note or his agent must acknowledge the existence of the debt and express

3

a willingness to pay the debt in order to toll the statute of limitations.  *See Spearman v. Stucki*, 1986 WL 6315, at \*2 (Tenn. App. 1986); *Farmers & Merchants Bank v. Templeton*, 646 S.W.2d 920, 923 (Tenn. App. 1982).

In the instant case, Dr. Wagner executed the promissory note on 9 February 1981.  There was a subsequent promise to pay the 1981 debt, but it was not made by the original maker of the note or the maker's agent.  Under the contract, the appellants assumed the obligations contained in the 1981 note.  The contract was not an acknowledgement of appellants' existing indebtedness.  Rather, it was an assumption of the indebtedness of another by appellants.

The statute of limitations "confers a positive right." *Stanley v. McKinzer*, 75 Tenn. 454, 457 (1881).  When appellants assumed the obligation to pay the promissory note, they also assumed the positive right conferred by the statute of limitations on the original note.

Had appellants executed a new note, the outcome would be different.

> It is the law in Tennessee that execution of a new note acknowledging existing indebtedness waives the limitations period with respect to that indebtedness, so that a new limitations period begins to run from the time of the renewed note.

*Union Planters Nat'l Bank v. Markowitz*, 468 F. Supp. 529, 532 (W.D. Tenn. 1979).  Only a maker of a note can remove an already existing note from the statute of limitations by expressing a willingness to pay without the execution of a new note.

Had the parties intended the statute of limitations to recommence in 1984, when they entered into the contract, they could have executed a new note to replace or renew the original note.

4

Appellants did not execute a new promissory note for the debt assumed on 26 March 1984 nor did the parties contemplate that appellants would execute such a note. The fact that the parties chose not to do so indicates that they did not intend the 1984 contract to have the effect of a new note.

Paragraphs three, four, and eight of the contract evidence the parties' intent to not create a new note. Paragraph three states that appellants were to execute a promissory note payable to Hobbs in consideration for the construction of a home by Hobbs for appellants. Paragraph eight lists "a promissory note" among several other documents which the parties were to execute subsequent to the contract. In contrast, paragraph four of the contract, which is the basis of the instant suit, makes no mention of the execution of a new promissory note.

The agreement entered into by the parties on 26 March 1984 was a contract. Under the terms of the contract, appellants assumed the obligations of the promissory note that Dr. Wagner had executed on 9 February 1981. Appellants assumed nothing more or nothing less than the obligations and the corresponding rights relating to the note. One of the rights relating to the note was the applicable statute of limitations which ran on 9 February 1991.

Because appellants were not parties to the 1981 note, this court cannot construe their subsequent agreement of 26 March 1984 as a willingness to pay their existing debt. The execution of the contract was not the type of expression which the law recognizes as taking a note out of the original statute of limitations.

The statute of limitations on the promissory note ran on 9 February 1991, ten years after Dr. Wagner executed the note. Therefore, we are of the opinion that the trial court erred as a

5

matter of law in holding that the 1984 contract extended the statute of limitations on the note until March 26, 1994.

It, therefore, results that the judgment of the trial court is reversed, and the cause is remanded to the trial court for any further necessary proceedings.

Costs on appeal are taxed to the plaintiff/appellee, C.A. Hobbs, Jr., Inc.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, J.