Jordan *v.* Jordan.

## JORDAN *v.* JORDAN.

### (*Nashville.* March 10th, 1887.)

STATUTE OF LIMITATIONS. *Waiver of, revives debt. Consideration.*

A barred debt is revived by an express *waiver*, on the part of the debtor, of the defense of the statute of limitations, supported alone by his moral obligation to pay the debt.

Cases cited and approved: Broddie *v.* Johnson, 1 Sneed, 467; Belote *v.* Wynn, 7 Yer., 534; Hannah *v.* Hawkins, 5 Lea, 240; Hunter *v.* Starkes, 8 Hum., 658; Woodlie *v.* Towles, 9 Bax., 595; Cocke *v.* Hoffman, 5 Lea, 105; Fuqua *v.* Dinwiddie, 6 Lea, 648; 1 Peters, 362; 23 Pick., 302; 23 Maine, 453; 24 Vt., 131; 18 Vt., 485; 4 Wend., 652; 43 Com. Law R., 870.

Cited and distinguished: 42 N. Y., 443.

### FROM RUTHERFORD.

Appeal in error from the Circuit Court of Rutherford County. ROBERT CANTRELL, J.

---
Jordan *v.* Jordan.
---

J. D. RICHARDSON for Plaintiff in error.

L. JORDAN, and PALMER & PALMER, for Defendant in error.

FOLKES, J. This is an action upon a note executed by the plaintiff in error for $1,166.35, dated September 18th, 1860, and payable one day after date, to M. C. Jordan, guardian of the minor heirs of Joshua Johnson, deceased, for borrowed money, with ten per cent. interest on same until paid. The note is signed Richard W. Williams, Clement Jordan, and A. E. Jordan, in the order named.

Plaintiff in error pleaded,—

*First*—Statute of limitations of six years.

*Second*—That he was only surety on the note, and that the defendant in error, for a valuable consideration paid by the principal, held up and failed to bring suit for a given time, thereby discharging the said surety, said agreement having been made without the consent of the surety.

*Third*—Payment.

To the first plea the defendant in error replied,—

*First*—A new promise within six years next before bringing of suit.

*Second*—That plaintiff in error had, by the indorsement on the note, waived his right to plead the statute of limitations, and was now estopped from pleading the same.

The second plea was, upon motion, stricken out.

The second replication was also stricken out, but was at a subsequent day of the term reinstated.

The plaintiff in error's rejoinder to second replication was,—

*First*—That he did not waive the right to rely upon the plea of the statute of limitations.

*Second*—That the indorsement pleaded as a waiver was and is void, and that it was without consideration.

There is indorsed upon the note the following:

" I hereby waive my right in the statute of limitations of the within note, this February 27th, 1877.                    CLEMENT JORDAN."

The cause was tried without a jury, and judgment against plaintiff in error.

The record shows that the plaintiff in error was the father-in-law of the payee, and that he was a surety on the note, upon which a payment of $500 was made in 1868 or 1869 by the principal on the note, said payment being the proceeds of certain trust property, which was properly so applied.

The plaintiff in error objected to the reading in evidence of the indorsement on the note above quoted, which objection was overruled, to which he excepted.

The Court held that said indorsement was a new promise, in effect, to pay said note, and upon this ground gave judgment in favor of plaintiff below for the full amount of the note, less the credit above, with interest at the rate stipulated therein.

The Honorable Commission of Referees report

Jordan *v.* Jordan.

that the Circuit Judge was in error in holding that the indorsement amounted to a new promise, but that it was valid as an agreement not to plead the statute, and as such would be upheld and enforced. They report, however, in favor of a reversal for error in striking out defendant's second plea.

Both sides have filed exceptions to the report of the Referees, opening the whole case.

For the defendant in error it is insisted that the indorsement does not amount to a new promise, nor to an acknowledgment of the debt; that he has neither waived his right, nor is he estopped from exercising his right, to plead the statute; that it is contrary to public policy to allow a party to thus render inoperative a statute so salutary.

With this reasoning we cannot agree. We consider such stipulations, where fairly and understandingly made, effectual to arrest the running of the statute, whether regarded as an acknowledgment of the then existence of the debt which the debtor is willing to pay, upon which a new promise is implied, or viewed as a valid waiver of the defense which the statute would otherwise afford him. There is no public policy to be subserved by a contrary holding. It is not infrequently of prime importance to a debtor to obtain indulgence beyond the period fixed by law for the bar of the statute; and if under any circumstances he can obtain such forbearance, we know of no better means of doing so than by an express stipulation upon the paper evidence of the debt itself.

Jordan *v.* Jordan.

If he can waive the defense by a failure to plead it, by an acknowledgment of the existence of the debt, which the debtor is willing to pay, within six years before suit brought, or by a new promise without any consideration other than a moral one arising out of the old debt, we fail to see why he should not be allowed to accomplish the same result by the writing exhibited in this case. The recovery is on the old debt, not on the acknowledgment nor on the new promise.

As is said by Judge Cooper in *Hannah* v. *Hawkins*, 5 Lea, 240, " Whether a new cause of action, sustained by the old consideration, is created by a new promise or the old cause of action is merely revived, partially or · wholly, by such promise, are questions of some metaphysical nicety, but of no practical importance," so also it may be a matter of some metaphysical nicety whether the plaintiff's right to recover in this case is to be placed on the ground assumed by the trial Judge or on the position taken in the report of Referees. The result is the same.

We are, however, well satisfied that the recovery can be maintained on both grounds.

It is now well· settled in this State, as already indicated, that it is the remedy which is barred, and not the cause of action, and that a direct admission of the existence of the debt, and a promise to pay it within time, revives the remedy. *Hunter* v. *Starkes*, 8 Hum., 658; *Butler* v. *Winters*, 2 Swan, 91; *Woodlie* v. *Towles*, 9 Bax., 595; *Cocke* v. *Hoffman*, 5 Lea, 105.

In *Broddie* v. *Johnson,* 1 Sneed, 467, it is said:
"There must be an express, unconditional promise to pay, or such an acknowledgment of an existing debt as will imply a willingness or promise to pay it, if no express promise is made."

The rule is thus laid down by the Supreme Court of the United States in *Bell* v. *Morrison,* 1 Pet., 362:

"If there be no express promise, but a promise to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay."

This is approved in *Belote* v. *Wynne,* 7 Yer., 534, and in *Broddie* v. *Johnson, supra.*

Again, while the suit is on the old debt, as we have seen, yet, as was said by Judge McFarland in *Fuqua* v. *Dinwiddie,* 6 Lea, 648, "to take the case out of the statute, the proof must make out a *new contract,* either by an express promise or an acknowledgment of the justice of the debt, and willingness to pay it, *in such manner that the law will imply a promise;* * * * and the creditor must be in some way a party to the new contract."

Now, where the maker of the note, after the right to plead the statute has accrued, by the lapse of the period prescribed by the statute, writes upon the note, while still in the possession of the owner thereof, "I hereby waive my right to rely upon or

plead the statute of limitations as to the within note," we are unable to see how it can be said that this is not an acknowledgment of the justice of the debt, and willingness to pay it, from which the law will imply a promise to pay it, notwithstanding such lapse of time; and if no new consideration is necessary to sustain an express promise, no new consideration should be required to support the implied promise.

So far as is necessary to sustain the ground upon which the Circuit Judge rested his judgment, we have drawn alone upon the authorities in our own State for the principles which, we think, by analogy, well warrant his action. The question, in the exact form presented in this record, is a new one in this State. But there is ample authority to be found in the courts of some of our sister States which maintain, independent of any question of a new promise, that the indorsement under consideration is valid as a waiver of the right to plead the statute.

In *Webber* v. *Williams*, 23 Pick., 302, there was a letter written by the debtor to the creditor, in which he stated that if he would not sue the former "he should have the same right for one year more that he then had." The creditor replied that he would not consent to the postponement as proposed, but in point of fact he did postpone suit till after six years. Chief Justice Shaw, speaking for the Court, said:

"The Court is of opinion that this was a suffi-

cient compliance with the defendant's offer, that he is bound by it, and that it is a good waiver of the statute of limitations."

In *Warren* v., *Walker,* 23 Maine, 453, under the bottom of an account, dated December 10th, 1835, there was appended the following: "I hereby waive all defense which I might otherwise make to the above bill by law under and by virtue of any statute of limitations." Signed by the debtor, and dated December 7th, 1841. In Maine the statute is: "Unless such acknowledgment or promise· be an *express one,* and made or contained in some writing signed by the party chargeable thereby." The Court held that under the statute it could not be considered as an *expressed* acknowledgment or promise to pay; that he had not agreed to waive the defense of payment, or the non-performance of the services as charged, or indeed any other defense which he might have had to the original cause of action, but that "it was a valid agreement to waive the defense of the statute—an agreement never to set up such defense."

In *Burton* v. *Sterns,* 24 Vermont, 131, the language written was: "I hereby agree that I will not take any advantage of the statute of limitations on the within two notes."

There as here the contention was that, as the claim was barred before the indorsement, and no consideration passed, it was *nudum pactum;* there as here it was insisted that the agreement was not an acknowledgment of any debt due, or promise,

express or implied, of payment. The learned Judge delivering the opinion said: It is evident that in making the agreement the defendant intended to place in the hands of the plaintiff sufficient evidence to protect his claim from the operation of the statute, and that the plaintiff, in taking this agreement, supposed that his claim was saved thereby from its operations.

It is just and reasonable, therefore, that such an effect should be given to this agreement, if it can be consistent with established rules of law. The language of Lord Denman, in the case of *Gardner* v. *McMahon*, 43 Com. Law Repts., 870, has a direct application to this case:

"That it may well be supposed that the creditor, on his part, has forborne to sue, *relying upon this undertaking* as preserving his right of action in future. It is equally to be presumed that the creditor, *in the same reliance*, has permitted to pass from his possession the evidence to prevent the operation of the statute, which he might have controlled previous to the execution of that agreement."

The defense, if available, is a violation of the defendant's agreement, and we entertain no doubt that he is concluded thereby.

In the case of *Paddock* v. *Colby*, 18 Vt., 485, the defendant used this language: "That he had assured the plaintiff that he would not take advantage of the statute of limitations," and the Court held that the claim was saved from its operation.

In the case of the *Utica Insurance Company* v. *Bloodgood*, 4 Wend., 652, the defendant signed a written agreement in these words: "I hereby agree not to plead the statute of limitations," etc.; and Sutherland, J., said:

"The defendant is *estopped by his stipulation* from availing himself of the statute of limitations. These authorities are satisfactory upon the *effect* that should be given to the writing upon the back of the notes, for it is an agreement by the defendant that the notes shall be placed upon the same footing as if the statute had not run on the claims, the notes then furnishing the evidence of the debts, and the promise to pay."

*Shapley* v. *Abbott*, 42 N. Y., 443, is cited by counsel for the defendant in error as authority against the position here taken. We think not. It holds that a *verbal* promise not to plead the statute, in case a promissory note shall be suffered to outlaw, is not sufficient to avoid the operation of the statute. In New York at the time this decision was rendered the statute (Code, § 110) required such promise to be *in writing*. It does also argue that such an agreement would be void for want of consideration; but in this respect it is out of harmony with the decisions of our own State. The case also indulges in some criticism upon the language of Judge Sutherland in the case of *Utica Insurance Company* v. *Bloodgood*, as to the technical accuracy of the Judge in the use of the term estoppel.

Jordan *v.* Jordan.

But, as we do not rest our opinion on the doctrine of *estoppel in pais*, technically so called, we do not think it necessary to further notice this New York case, being satisfied with the views already expressed.

The result is that the defendant in error is entitled to recover judgment upon the note, notwithstanding the lapse of time. But the Circuit Judge erred in striking out the second plea; and, as the indorsement on the note only cuts off the bar of the statute, the plaintiff in error will be allowed to prove the truth of the matters set up in said plea if he can.

For this purpose the cause is remanded for a new trial.