WARREN, EXECUTOR, *v.* CLEVELAND *et al.*

*(Knoxville.   September Term, 1903.)*

1. **STATUTE OF LIMITATIONS.** Bar of, how removed. Rule
   stated.

   In order to remove the bar of the statute of limitations there
   must be either an express promise to pay or an acknowledg-
   ment of the debt accompanied by an expression of willingness
   to pay it.  *(Post, pp.* 176-178.)

   Cases cited and approved: Jordan v. Jordan, 85 Tenn., 566;
   Shown v. Hawkins, 85 Tenn., 216; Maloney v. Searight, 8 Lea,
   91-94; Fuqua v. Dinwiddie, 6 Lea, 648; Roller v. Bachman, 5
   Lea, 156-157; Rogers v. Southern, 4 Baxt., 67-69; McFerrin v.
   Woods, 3 Baxt., 242, 247; Allison v. Bradford, 1 Tenn. Cas., 619-
   621; Broddie v. Johnson, 1 Sneed, 465; Butler v. Winters, 5
   Swan, 92; Ott v. Whitworth, 8 Humph., 593-596; Hale v. Hale,
   4 Humph., 183-185; Thompson v. French, 10 Yerg., 456; Crow-
   der v. Nichol, 9 Yerg., 453-455; Belote v. Wynne, 7 Yerg., 534.

   Cases distinguished: Harwell v. McCollock, 2 Overt., 275-278;
   Luna v. Edmiston, 5 Sneed, 160; Partee v. Badgett, 4 Yerg., 174;
   Russell v. Gass, Mart. & Yerg., 174.

   Case overruled: Hunter v. Stark, 8 Humph., 656.

2. **SAME.** Mere recognition of claim insufficient to prevent bar
   of.

   When recognition of a debt is relied on to take the case out of
   the operation of the statute, the character of the recognition
   must be shown and that it was tantamount to a direct promise
   to pay or an acknowledgment of the existence of the debt,
   coupled with an expression of willingness to pay it; that a
   debtor merely "recognized the claim up to a short time before
   his death" is insufficient.  *(Post, pp.* 175-176.)

Warren v. Cleveland.

FROM MONROE.

Appeal from Chancery Court of Monroe County.—
T. M. McConnell, Chancellor.

McCroskey & Peace and W. Morris Harrison, for
Warren, executor.

Young & Young, for Mrs. Hudson.

Mr. Justice Neil delivered the opinion of the Court.

In the course of administration of the estate of D. H.
Cleveland a controversy arose over the claim of Mrs.
Hudson for about $1,200.

It was insisted by the executor that this claim was
barred by the statute of limitations, and the chancellor
found in favor of this contention.

After stating that the consideration of this claim was
the boarding of Mrs. Hudson's younger sisters, and that
the justice of the debt had been proven, the court of
chancery appeals found as follows:

"But we are satisfied from the proof that her claim is
clearly barred by the statute of limitations, which was
interposed by the executor of her father to the allow-
ance of the claim. It is true there is some proof in the
record, undisputed, that Mr. Cleveland, her father, recog-

nized this claim up till a short time before his death; but the proof fails, clearly, we think, to show that he made any promise to pay it within six years before his death."

Upon this finding of facts the court of chancery appeals ruled the law as follows:

"The law is that the mere recognition of a claim or debt will not prevent the operation of the statute of limitation against it. It requires not only recognition, but a distinct and unconditional promise to pay it, to prevent the running of the statute."

The point of the assignment is that a mere recognition of the debt is sufficient to take the case out of the operation of the statute.

We have been unable to find sufficient authority in our decisions to support this contention. The cases that come nearest to it are the following: *Harwell* v. *McCullock,* 2 Overt., 275, 278; *Russell* v. *Gass,* Mart. & Y., 271-274; *Partee* v. *Badger,* 4 Yerg., 174, 26 Am. Dec., 220; *Hunter* v. *Starkes,* 8 Humph., 656; *Luna* v. *Edmiston,* 5 Sneed, 160. All of these cases, except *Hunter* v. *Starkes,* state, in substance, that an unconditional acknowledgment of the indebtedness is sufficient to remove the bar of the statute. In the latter case (*Hunter* v. *Starkes*) it is held that an admission that the amount claimed by the contract has never been paid is as sufficient for the purpose as a direct promise to pay. This case is substantially an authority for the position assumed by counsel for Mrs. Hudson, and if it stood alone;

Warren v. Cleveland.

or even if it stood only with the other cases just cited, we should be content to hold that a recognition of the debt within six years would be sufficient.   But we have a long line of cases which hold that, in order to remove the bar of the statute, there must be either an express promise to pay, or an acknowledgment of the debt accompanied by the expression of a willingness to pay it.   *Jordan* v. *Jordan,* 85 Tenn., 566, 3 S. W., 896; *Shown* v. *Hawkins,* 85 Tenn., 216, 2 S. W., 34; *Malone* v. *Searight,* 8 Lea, 91-94; *Fuqua* v. *Dinwiddie,* 6 Lea, 648; *Roller* v. *Bachman,* 5 Lea, 156-157; *Bachman* v. *Roller,* 9 Baxt., 409-412, 40 Am. Rep., 97; *Rogers* v. *Southern,* 4 Baxt., 67-69; *McFerrin* v. *Woods,* 3 Baxt., 242-247; *Allison* v. *Bradford,* 1 Shannon's Cas., 619-621; *Broddie* v. *Johnson,* 1 Sneed, 465; *Butler* v. *Winters,* 2 Swan., 92; *Ott* v. *Whitworth,* 8 Humph., 493-496; *Hale* v. *Hale.* 4 Humph., 183-185; *Thompson* v. *French,* 10 Yerg., 456; *Crowder* v. *Nichol,* 9 Yerg., 453-455; *Belote* v. *Wynne,* 7 Yerg., 534.

The weight of authority is very strongly in favor of the rule as last stated.   We do not think that a finding merely that the deceased "recognized this claim up to a short time before his death" is sufficient.   There would have to be other facts stated, showing more distinctly the character of the recognition, and that it amounted either to a direct promise, or an acknowledgment of the existence of the debt, coupled with an expression of a willingness to pay it.

While, therefore, we do not fully agree with the court

of chancery appeals in its statement of the law that there must be an express promise to pay in order to take a debt out of the bar of the statute of limitations, yet, under the authorities above cited, we are constrained to hold that that court reached a correct conclusion as to the existence of the bar, and that the decree must be affirmed.