## HALL v. SKIDMORE. No. 1.—168 S. W. (2d) 800.

Eastern Section. November 27, 1942.

Petition for Certiorari denied by Supreme Court, February 27, 1943.

John A. Chambliss, of Chattanooga, for plaintiff in error.

Joe V. Williams and W. D. Moon, both of Chattanooga, for defendant in error.

BURNETT, J. The only question presented on this appeal is: Does the notation on interest payment checks (made after the six year statute of limitations has run) in the following words "Interest due 1/12/40" take a case out of the operation of the statute of limitations or enlarge the time during which an action may be brought?

On June 1, 1932, Lyle C. Stovall made and delivered a *demand* note to J. S. Hall for $2,500. He made two payments of $250 each on the principal, the last one October 12, 1936. He made numerous payments of interest. The last three payments of interest were made by checks on which were written in the handwriting of Stovall (Debtor) "Interest due—." The last of these interest checks was issued January 12, 1940, with the notation in the corner of the check "Interest Due 1/12/40."

Stovall (Debtor) died on February 26, 1940. Mildred H. Skidmore qualified as his executrix in the County Court of Hamilton County. This litigation began with the filing of the note here in question with the proof of claim of J. S. Hall. The executrix filed exceptions to the claim setting up and *pleading* the six year statute of limitations. Code 1932, sec. 8600. The claim was allowed by the County Judge and the case appealed to the Circuit Court of Hamilton County. In that court evidence was introduced as to the reduction of the note by payments on principal, and as to payments of interest by book entry of debtor and checks of his with notations thereon as herein above noted.

Upon the hearing of the case, the Circuit Judge held that the statute of limitations was a valid defense and dismissed the claim of J. S. Hall. A motion for new trial was seasonably filed, overruled and the case appealed.

Did the Circuit Court err in holding that the statute of limitations was a bar to the claim of J. S. Hall?

The statute of limitations begins to run against a note payable on demand from the date of the note and not from the date of the demand. Code, Sec. 8604; Jenkins v. DeWar, 112 Tenn. 684, 82 S. W. 470; Annotation, 44

A. L. R. 397; Todd v. Third National Bank, 172 Tenn. 586, 113 S. W. (2d) 740. Therefore, the $2,500 note dated June 1, 1932, payable on demand became barred by the six year statute of limitations June 2, 1938, in the absence of a new promise removing the bar.

The point of appellants insistence is that the evidence established such a promise.

The only evidence offered to uphold this position are the various notations made on interest payment checks after the statute of limitations had run. These notations of the debtor were "Interest due 1/12/40" and similar notations made on checks prior to the one last above quoted.

In order to remove the bar of the statute of limitations there must be either *an express promise to pay*, or *an acknowledgment* of the *debt, accompanied by an expression* of *willingness* to *pay* it. Warren v. Cleveland, 111 Tenn. 174, 76 S. W. 910, 102 Am. St. Rep. 749; Alexander v. Muse, 112 Tenn. 233, 79 S. W. 117; Thomas v. Hollis, 8 Tenn. App. 57; First National Bank of Sparta v. Hunter, 22 Tenn. App. 626, 634, 125 S. W. (2d) 183.

There is no claim of *"an express promise to pay"* the note in question. We are satisfied though that the notation on the interest checks constitutes *"an acknowledgment* of the debt." This does not constitute "an *expression* of *willingness* to pay it." As we understand our reported decisions on the subject, it is necessary that there be either an express promise to pay or an acknowledgment of the debt accompanied by a willingness to pay the debt.

The question here has been very ably presented—all the cases bearing on the subject have been excellently briefed and analyzed. We have considered these cases

very carefully and have likewise made an independent study of all the authorities we have been able to find from other jurisdictions. Among these authorites the one probably nearest in point is a recent case from Texas —First National Bank v. Gamble, 134 Tex. 112, 132 S. W. (2d) 100, 125 A. L. R. 265—where in an annotation thereto, it is said:

"Where it becomes apparent, however, by the check, the circumstances attending its issuance, or competent evidence explaining it, that a debtor issued a check for the interest upon a particular debt, which was accepted as such, the proper conclusion may arise that there is an *acknowledgment* of the debt which will toll or *remove* the bar of the statute of limitations." Ann. 125 A. L. R. 271. (Italics ours.)

In line with the last above quotation a number of other jurisdictions hold that the payment of interest and the like by a writing constitute an *acknowledgment* and will toll the statute. These jurisdictions though have not gone as far as Tennessee has in requiring an additional element of a *willingness* to pay coupled with the *acknowledgment*. "It is not the mere acknowledgment of a subsisting indebtedness which removes the bar. . . . It is the new promise, either made in express terms or deduced from an acknowledgment, as a legal implication, which is to be regarded as reanimating the old promise, or as imparting vitality to the remedy (which, by lapse of time, has become extinct), and thus enabling the creditor to recover upon his original contract." 34 Am. Jur., p. 234, sec. 290.

It is argued that the acknowledgment after the running of the statute is of stronger efficacy than if the acknowledgment was made before the bar began.

"The general rule seems to be that there is no distinction between the legal effect of an acknowledgment or payment made before or after the bar of the statute of limitations has attached, as in either case the effect is to subvert the principle of presumed payment on which in many states the statute is deemed to be founded." 34 Am. Jur., p. 236, sec. 293.

■ And our Supreme Court in Locke v. Wilson, 10 Heisk. 441, 443, says:

"We do not understand that the fact of payment alone, without other acknowledgment or promise, amounts to anything more than an acknowledgment of indebtedness to the extent of such payment. And this we understand to be the rule, whether the bar of the statute be complete or otherwise at the time of such payment."

The historical background of the question here involved is succinctly set forth in Steele v. Matthews, 15 Tenn. (7 Yerg.), 313; and in 34 American Jurisprudence, p. 233, sec. 289 et seq.

The Supreme Court of this State speaking through Mr. Justice Neil, in the case of Warren v. Cleveland, 111 Tenn. 174, 76 S. W. 910, 102 Am. St. Rep. 749, has laid down the rule on the question here:

"The point of the assignment is that a mere recognition of the debt is sufficient to take the case out of the operation of the statute.

"We have been unable to find sufficient authority in our decisions to support this contention. The cases that come nearest to it are the following: Harwell v. Mc-Cullock, 2 Overt. 275, 278; Russel v. Gass, Mart. & Y. [270] 271-274; Partee v. Badget, 4 Yerg. 174, 26 Am. Dec. 220; Hunter v. Starkes, 8 Humph. 656; Luna v. Edmiston, 5 Sneed [159] 160. All of these cases, except Hunter v.

Starks, state, in substance, that an unconditional acknowledgment of the indebtedness is sufficient to remove the bar of the statute. In the latter case (Hunter v. Starkes) it is held that an admission that the amount claimed by the contract has never been paid is as sufficient for the purpose as a direct promise to pay. This case is substantially an authority for the position assumed by counsel for Mrs. Hudson, and if it stood alone, or even if it stood only with the other cases just cited, we should be content to hold that a recognition of the debt within six years would be sufficient. But we have a long line of cases which hold that, in order to remove the bar of the statute, there must be either an express promise to pay, or an acknowledgment of the debt accompanied by the expression of a willingness to pay it. [Cases herein cited.]

"The weight of authority is very strongly in favor of the rule as last stated. We do not think that a finding merely that the deceased 'recognized this claim up to a short time before his death' is sufficient. There would have to be other facts stated, showing more distinctly the character of the recognition, and that it amounted either to a direct promise, or an acknowledgment of the existence of the debt, coupled with an expression of a willingness to pay it."

This has been the rule in Tennessee since. The rule relates to acknowledgments and new promises as confined in its application to contracts express or implied for the payment of money, and does not extend to torts or specialties. The case of Warren v. Cleveland, supra, is therefore authority for this case even though notes were not involved in that case (the case involved the claim by a daughter against the estate of her father).

██ It is argued that a hardship is created under the facts of this case because of the ignorance of the average person to the fact that the statute on a *demand* note begins to run from its date; that in suits of this character the testimony is obviously restricted because of sec. 9780 of the Code (". . . neither party shall be allowed to testify against the other as to any transaction with or statement by the testator," etc.) We are satisfied that a hardship is committed. This though does not permit us to relax the rule.

"As a general rule . . . all acts of limitation operate inflexibly and upon principle, regardless of particular cases of hardship." Gray v. Darby, 8 Tenn. (Mart. & Y.), 396, 415; Guion v. Bradley Academy, 12 Tenn (4 Yerg.), 232.

We have therefore concluded that the Circuit Court was correct and the judgment must be affirmed.