HALL *v.* SKIDMORE.

(*Knoxville*, September Term, 1942.)

Opinion filed May 15, 1943.

JOHN A. CHAMBLISS, of Chattanooga, for plaintiff in error.

JOE V. WILLIAMS and W. D. MOON, both of Chattanooga, for defendant in error.

MR. JUSTICE NEIL delivered the opinion of the Court.

At a former day of the present term the petitioner filed his petition for the writ of *certiorari* to the Court of Appeals, 168 S. W. (2d), 800. After full consideration of the question raised in said petition, the writ was denied, the Court being of opinion that the Court of Appeals had reached the correct conclusion. We are now asked to rehear petitioner's application for the writ of *certiorari*.

On June 1, 1932, Lyle C. Stovall, respondent's decedent, made and delivered a demand note to J. S. Hall in the sum of $2,500. He made two payments of $250 each on said note, the last being on October 12, 1936. He made many payments of interest. It appears that the last three interest payments were made by checks and upon these checks was written in the handwriting of Stovall "Interest due ———." Upon the last payment there is written on said check "Interest due 1-12-40."

When the case was tried in the Circuit Court, the trial judge held that this notation in the handwriting of Stovall did not operate to take the case out of the Statute of Limitations. The Court of Appeals affirmed the action of the trial judge.

In the petition to rehear serious and earnest complaint is made that "the holding of the Circuit Judge in this case was necessarily based upon an attempt to follow and obey in the most accurate and even rigid fashion expressions found in this Honorable Court made over forty years ago, and particularly in the case of *Warren* v. *Cleveland*, 111 Tenn., 174, 76 S. W., 910, 102 Am. St. Rep., 749." It is further averred that "The same case influenced and bound the decision made by the Court of Appeals." It is earnestly insisted by petitioner that this Court should re-examine the decision in *Warren* v. *Cleve-*

*land, supra*: ''that there is no decision of this Honorable Court which refutes the insistence of petitioner that the payment of interest, coupled with the giving of checks for the interest, and re-inforced by notations made on the checks by the debtor, warrant the re-examination of the decision of the Court of Appeals by this Honorable Court.''

Before passing to the consideration of the question, it is important to note, as did the Court of Appeals, ''there is no claim of 'an express promise to pay.' '' We are asked to hold that the notation on the interest check in the handwriting of Stovall, the maker, ''Interest due 1-12-40,'' amounts not only to an acknowledgment of the debt but also a ''willingness to pay.'' We doubt not the learned trial judge and the Court of Appeals were both influenced by the decision of this Court in *Warren* v. *Cleveland, supra,* even though it was handed down more than forty years ago; but it cannot be said that this case alone influenced their decision.

In stating the rule in *Warren* v. *Cleveland* [111 Tenn., 174, 76 S. W., 911, 102 Am. St. Rep., 749], as to what is sufficient to remove the bar of the statute, the Court used the following language:

''The weight of authority is very strongly in favor of the rule as last stated. We do not think that a finding merely that the deceased 'recognized this claim up to a short time before his death' is sufficient. There would have to be other facts stated, showing more distinctly the character of the recognition, and that it amounted either to a direct promise, or an acknowledgment of the existence of the debt, coupled with an expression of a willingness to pay it.''

The Court of Appeals correctly held that the notation of interest payments "constitutes 'an acknowledgment of the debt.' " This alone, however, amounts to no expression of a "willingness to pay." There is nothing in the record to indicate the circumstances under which these payments were made. The plaintiff Hall did not testify in the case. We have uniformly held that the acknowledgment of the debt must be "coupled with an expression of a willingness to pay." Such an expression might be implied from words or acts of the debtor, but, in whatever form it is to be found, it must amount to the recognition of a continuing obligation. In other words, the acknowledgment of the debt will be construed as a "willingness to pay" when the facts and circumstances surrounding the parties indicate an intention on the part of the debtor to revitalize the original promise, or "as imparting vitality to the remedy (which, by lapse of time, has become extinct), and thus enabling the creditor to recover upon his original contract." 34 Am. Jur., p. 235, and cases cited. See also, Chitty on Contracts, 17th Edition, p. 846.

In *Fuqua* v. *Dinwiddie*, 74 Tenn. (6 Lea), 645-647, the Court used the following language:

"To take the case out of the statute, the proof must make out a *new contract*, either by an express promise, or an acknowledgment of the *justice of the debt and willingness to pay it, in such manner that the law will imply a promise.*" (Italics ours.) Citing cases.

The foregoing statement of the rule was cited by the Court of Appeals in *American Fruit Growers, Inc.,* v. *Hawkinson*, 21 Tenn. App., p. 127, 106 S. W. (2d), 564, *certiorari* denied.

■ In *Warren* v. *Cleveland*, MR. JUSTICE M. M. NEIL made reference to the following statement by the Court of Chancery Appeals:

"The law is that the mere recognition of a claim or debt will not prevent the operation of the statute of limitation against it. It requires not only recognition, but a distinct and unconditional promise to pay it, to prevent the running of the statute."

This language was not expressly approved by the Court. Manifestly, it does not conform to the rule announced in *Fuqua* v. *Dinwiddie* and other cases, although it is supported by respectable authority. A long line of cases in this state are cited in support of the rule announced in *Fuqua* v. *Dinwiddie* and *Warren* v. *Cleveland*. The case of *Jordan* v. *Jordan*, 85 Tenn., 561, 3 S. W., 896, referred to by counsel for petitioner, is not a departure, or even a modification, of the rule announced in *Warren* v. *Cleveland, supra*, and other cases. In that case Jordan signed a memorandum in which he agreed to waive any right he may have had under the statute of limitations. It is earnestly urged upon this Court that, "The Court of Appeals unduly restricted these words (expression of a willingness to pay); that the words were given a distinct and literal significance only due the written law of the statute." Able counsel cite authority for their contention that "case law" being "unwritten law" in a certain sense, and not authoritatively worded, it should not be followed with strictness. Responding to this contention, we are not disposed to hold that the language used in stating a principle of law is to be "followed with strictness" always as a written mandate, but where a principle has been re-affirmed and the language of the opinion quoted with express approval, it

will not be departed from in any manner that might impair the rule so announced. The language used must and will be interpreted as supporting the rule, unless intended otherwise.

We re-affirm the statement made in one of our earlier cases, *Barton, Lessee, v. Shall,* 1 Peck., 215-232:

"Wherever a decision has been settled by a series of adjudications, has been submitted to and for some time, acted under, and is not manifestly repugnant to some rule of vital importance in the system, it should not lightly be departed from, nor for purposes which are not of the highest value to the community."

We think it would be highly detrimental to the public interest for us to depart from the rule announced in *Steel v. Matthews,* 7 Yerg., 313, 317; *Fuqua v. Dinwiddie, supra,* and *Warren v. Cleveland, supra,* as well as other cases.

We have examined the case of *Starr v. Ferguson,* Tex. Com. App., published in 166 S. W. (2d), at page 130, also *Buss et al. v. Cooley et al.,* Ark., in 167 S. W. (2d), at page 867. It clearly appears that the rule of law in Texas as to the tolling of the statute is in direct conflict with our own decisions. In *Starr v. Ferguson* [166 S. W. (2d), 131], the Commissioner says:

"The rule often quoted is thus stated in *Howard & Hume v. Windom,* 86 Tex., 560, 566, 26 S. W., 483, 485: 'An *unqualified* acknowledgment of an existing debt implies a promise to pay it, and is sufficient, *unless the acknowledgment be accompanied by some expressions indicative of an unwillingness to pay.*'" (Italics ours.)

In *Buss et al. v. Cooley et al.,* the same rule is applied, the Chief Justice using the following language (167 S. W. (2d), at page 869):

" 'It is generally held to be sufficient if, by fair construction, the writing constitutes an admission that the claim is a subsisting debt, and if the acknowledgment is unaccompanied by any circumstances repelling a presumption that the party intended to pay.' "

The foregoing statement does not have the approval of the entire Court, two of the Justices dissenting.

The holders of promissory notes and other evidence of contractual obligations are well aware of the rule announced in this State. While, as above indicated, we hold that the necessary "expression of a willingness to pay" may be implied from words or acts of the debtor, indicating a recognition of a continuing obligation, we fail to find in the present record sufficient evidence of words or conduct to give rise to this implication.

The petition is denied.