W. THOMAS COLEY, Administrator of MRS. MAUDE C. COLEY, Deceased, Appellant, v. CATHERINE WILLIAMS COLEY, Administratrix of CHARLES W. COLEY, and KAY WILLIAMS COLEY, A Minor by Guardian Ad Litem, Appellees.—349 S. W. (2d) 183.

Western Section at Jackson.   July 26, 1960.

Holmes & Holmes, Trenton, for appellant.

Currie Drake, Milan, for appellee C. W. Coley.

W. J. Flippin, Milan, for appellee K. W. Coley.

CARNEY, J. The appellant, W. Thomas Coley, is the administrator C. T. A. of the estate of Maude Coley Hudson who died testate in Gibson County, Tennessee, on August 5, 1956. Mrs. Hudson had no children and her only heirs and next of kin were a nephew, the appellant W. Thomas Coley, and a second nephew, Charles W. Coley, now deceased. Under Mrs. Hudson's will only a few articles of a very personal nature were bequeathed to her friends and the major portion of her estate approximating $45,000 in value was not disposed of. For the purpose of this litigation Mrs. Hudson will be considered as having died intestate.

The nephew, Charles W. Coley, was the sole owner and manager of Coley Drug Company in Milan, Tennessee, and for many years prior to the death of Mrs. Hudson she bought medicine and other items at the store which were charged to her account. These purchases and charges continued up until the date of her death in 1956.

The druggist, Charles W. Coley, died without a will on April 5, 1957, leaving a widow, the appellee, Mrs. Catherine Williams Coley, his administratrix and one child, a minor, Kay Williams Coley, who is represented in this court by guardian ad litem W. J. Flippin.

The sole question presented on this appeal is whether the administrator of Mrs. Hudson, W. Thomas Coley, has the right as administrator to collect out of the share of Charles W. Coley in Mrs. Hudson's estate some $13,300 which is alleged to have been due and owing by Charles W. Coley to his aunt, Mrs. Maude C. Hudson, at the time of his death.

The Honorable Wayne A. Cox, Chancellor, sitting by interchange for Judge John F. Kizer, Circuit Judge, without a jury, held that the indebtedness was barred by the statute of limitations and that therefore the administrator of Mrs. Hudson was without authority to collect the same by withholding from Charles W. Coley's share in Mrs. Hudson's estate. It is the insistence of Mrs. Hudson's administrator that Charles W. Coley, during his lifetime, acknowledged his indebtedness to the estate of Mrs. Hudson, in such a way, and in such circumstances as to imply a willingness to pay it, or to have it paid out of his distributive share, thereby removing any bar of the statute of limitations.

After the death of Mrs. Hudson, Charles W. Coley, druggist, prepared, entirely in his own handwriting, the following memorandum of the state of account between him and Mrs. Hudson:

"Mrs. Maude Hudson Account

|  |  |
|---|---|
|  | 1978.90 |
| 25% Discount | 494.72 |
|  | 1484.12 |
| Plus Burial Insurance | 100.00 |
|  | 1584.12 |

C. W. Coley owes her

| | |
|---|---|
| 1945 | 1,500.00 |
| 1946 | 10,000.00 |
| 1950 | 1,800.00 |
| | 13,300.00'' |

The total amount of Mrs. Hudson's drug bill set out in the foregoing memorandum is admitted to be the correct amount due and owing by her at the date of her death.

The administrator, W. Thomas Coley, was not permitted to testify as to how or from whom he received the written memorandum on account of the Dead Man's Statute, T. C. A. sec. 24-105. However, the proof shows that the memorandum is entirely in the handwriting of Mr. Charles W. Coley; that Mrs. Hudson's administrator had it in his possession and showed it to his banker adviser, Moore Blankenship, during the lifetime of Charles W. Coley. It was further agreed that Mr. Moore Blankenship would testify that Mrs. Maude Hudson in her lifetime did pay the various sums totalling $13,300 to Charles W. Coley.

There being no proof or suggestion that Mr. W. Thomas Coley, administrator of Mrs. Hudson, received the written memorandum in any other manner except in the regular course of his duties as administrator this court has no difficulty in finding as a fact as contended by the appellant that Charles W. Coley prepared the statement of account and delivered, or caused it to be delivered, to W. Thomas Coley, administrator. The administrator, W. Thomas Coley, was permitted to testify that the written memorandum came into his lawful pos-

session after his qualification as administrator, C. T. A., of the estate of Mrs. Hudson.

After the death of Charles W. Coley his widow and administratrix, the appellant, Catherine Williams Coley, filed a claim against the estate of Mrs. Hudson for the drug account in the full amount of $1,978.90 without any mention of the discount and without any reference to the burial association item. The administrator, W. Thomas Coley, without the benefit of counsel, went ahead and paid this claim in full without any mention of the indebtedness due and owing by Charles W. Coley to the estate.

Solicitors for both the appellants and the appellees agree that the most recent case by our Tennessee Supreme Court dealing with the reinstatement of an indebtedness after its bar by the statute of limitations is the case of Hall v. Skidmore, 1943, 180 Tenn. 23, 171 S. W. (2d) 274. In that case the decedent, Lyle C. Stovall, had executed a note in the amount of $2,500 dated June 1, 1932. He made two payments of $250 each on said note, the last being on October 12, 1936. He made many payments of interest. The last three interest payments were made by checks and upon these checks were written in the handwriting of Stovall, "Interest due——." Upon the last payment there is written on the check, "Interest due 1-12-40."

The Circuit Judge held that the notation in the handwriting of Stovall did not operate to take the case out of the statute of limitations; the Court of Appeals affirmed the action of the Trial Judge and the Supreme Court affirmed the action of both courts by denying the Writ of Certiorari.

Our Tennessee Supreme Court speaking through Justice Neil referred to with approval and quoted from the case of Warren v. Cleveland, 111 Tenn. 174, 76 S. W. 910, 911, 102 Am. St. Rep. 749. From Judge Neil's opinion we quote as follows:

"The Court of Appeals correctly held that the notation of interest payments 'constitutes "an acknowledgment of the debt" '. This alone, however, amounts to no expression of a 'willingness to pay'. There is nothing in the record to indicate the circumstances under which these payments were made. The plaintiff Hall did not testify in the case. We have uniformly held that the acknowledgment of the debt must be 'coupled with an expression of a willingness to pay'. Such an expression might be implied from words or acts of the debtor, but, in whatever form it is to be found, it must amount to the recognition of a continuing obligation. In other words, the acknowledgment of the debt will be construed as a 'willingness to pay' when the facts and circumstances surrounding the parties indicate an intention on the part of the debtor to revitalize the original promise, or 'as imparting vitality to the remedy (which, by lapse of time, has become extinct), and thus enabling the creditor to recover upon his original contract.' 34 Am. Jur., p. 235, and cases cited. See, also, Chitty on Contracts, 17th Edition, p. 846.

"In Fuqua v. Dinwiddie, 74 Tenn. 645-647, 6 Lea 645-647, the Court used the following language:

" 'To take the case out of the statute, the proof must make out a new contract, either by an express

promise, or an acknowledgment of the justice of the debt and the willingness to pay it, in such manner that the law will imply a promise.' Citing cases.

"The foregoing statement of the rule was cited by the Court of Appeals in American Fruit Growers, Inc., v. Hawkinson, 21 Tenn. App. p. 127, 106 S. W. (2d) 564, certiorari denied." [180 Tenn. 23, 171 S. W. (2d) 275.]

Judge Neil also referred to the case of Starr v. Ferguson, Tex. Com. App., 140 Tex. 80, 166 S. W. (2d) 130, 131, and refused to follow as being in direct conflict with our Tennessee decisions the rule which is apparently in effect in Texas to wit:

" 'The rule often quoted is thus stated in Howard & Hume v. Windom, 86 Tex. 560, 566, 26 S. W. 483, 485: "An unqualified acknowledgment of an existing debt implies a promise to pay it, and is sufficient, unless the acknowledgment be accompanied by some expressions indicative of an unwillingness to pay." '

"In Buss et al. v. Cooley et al., the same rule is applied, the Chief Justice using the following language ([205 Ark. 42,] 167 S. W. (2d) [867,] at page 869):

" ' "It is generally held to be sufficient if, by fair construction, the writing constitutes an admission that the claim is a subsisting debt, and if the acknowledgment is unaccompanied by any circumstances repelling a presumption that the party intended to pay." '

"The foregoing statement does not have the approval of the entire Court, two of the Justices dissenting."

In the absence of the ruling in Hall v. Skidmore, supra, this member of the court would certainly be inclined to agree with the insistence of counsel for appellant that the act of Mr. C. W. Coley in preparing the memorandum stating his indebtedness to Mrs. Hudson and filing it along with his account against her with her administrator constituted not only an acknowledgment of the debt but an expression of willingness that it be paid out of his interest in the estate.

Likewise, in the absence of the decision of our Tennessee Supreme Court in Hall v. Skidmore, supra, and the many other prior decisions of our Supreme Court referred to therein the writer would be inclined to the view that the payment of interest on a promissory note implies a promise to pay the principal amount of the note itself.

However, we think the decision of our Supreme Court in Hall v. Skidmore, supra, requires us to hold as a matter of law that the memorandum prepared and signed by Mr. Charles W. Coley and filed with his brother constituted only an acknowledgment of his indebtedness and did not constitute such an expression of willingness to pay as would toll the ruling of the statute of limitations or as would constitute a reinstatement of the indebtedness after its bar by the statute of limitations.

The assignment of error is therefore respectfully overruled. A decree will be entered affirming the decree of the court below in accordance with this opinion. The costs will be taxed against the estate of Mrs. Maude C. Hudson.

Avery, P. J. (W.S.), and Bejach, J., concur.