**LOUIS DREYFUS CORPORATION,** formerly doing business as Leval & Company, Inc., a corporation, Plaintiff-Appellant,

v.

Landon V. **BUTLER** et al., Defendants-Appellees.

No. 73-1423.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 13, 1973.

Decided April 26, 1974.

Charles G. Black, Memphis, Tenn., for plaintiff-appellant; Michael T. Hartsfield, Memphis, Tenn., on brief, Alfred Rathheim, New York City, of counsel.

Jesse E. Johnson, Jr., Memphis, Tenn., for defendants-appellees.

Before CELEBREZZE, PECK and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal by Louis Dreyfus Corporation (hereinafter "Dreyfus") from a judgment in favor of Mrs. Sydney J. Butler, entered in the United States District Court for the Western District of Tennessee following a memorandum decision by Chief Judge Brown. The complaint, based upon diversity of citizenship, was filed in that Court in 1968 by Drefus against Landon V. Butler, Mrs. Sydney J. Butler and others. The suit was filed to renew a judgment against Butler recovered in 1959 and based on his fraud in 1955. That phase of the matter was concluded by the granting of a motion for summary judgment against Butler in the amount of $1,092,000 on April 17, 1971. The suit was subsequently dismissed as to all other defendants except Mrs. Butler, so that this appeal is limited to the dispute between Dreyfus and Mrs. Butler.

Dreyfus' complaint also sought to set aside conveyances of real and personal property by Butler to Mrs. Butler in 1953 and 1954, and alternatively alleged that Butler was the beneficiary of a resulting trust in such property. It further sought to subject such beneficial interest to the judgment against Butler. In an amended complaint Dreyfus prayed for a money judgment against Mrs. Butler based on alleged fraudulent conveyances. The case was tried to the Court sitting without a jury. The trial lasted several days and lengthy post trial briefs were received. The Court entered judgment in favor of Mrs. Butler on the claims against her, from which Dreyfus perfected this appeal.

Prior to 1955 Butler was a large and successful speculator in the commodities market. In 1951 Butler purchased an expensive home situated on a large tract of land in Memphis, Tennessee, and in 1953 he transferred this property, along with the house, furniture and furnishings, to Mrs. Butler. He also constructed a guest house and pool on the premises in 1954, the cost of which was over $163,000, and gave it to his wife. In

1954 his wealth was estimated to be well over ten million dollars.

The markets turned sour for Butler in 1955 and he found himself in desperate need for large amounts of cash. To this end he purported to sell Dreyfus a warehouse full of soya beans represented to be stored at the Alabama Grain and Elevator Company, a company which Butler controlled. The soya beans did not exist. In March of 1955 involuntary bankruptcy proceedings were instituted against Butler and the outcome of that litigation was a judgment in favor of Dreyfus for $650,000. Separate proceedings resulted in Butler's receiving a prison sentence for fraud. In addition, Mrs. Butler had to pay $207,796.05 to an insurance company which had acted as a surety on a warehouse bond for Alabama Grain.

His prison sentence completed, Butler returned home in 1960 and became a "consultant" for a grain company. That company was also declared bankrupt and once again Butler was convicted of fraud and sent to the penitentiary. In connection with this second involvement in fraud, this Court found that Mrs. Butler was a joint tortfeasor, although perhaps unwittingly, and held that she was liable to the receiver in the amount of $108,048.88. Hux v. Butler, 339 F.2d 696 (6th Cir. 1964). Butler was still incarcerated at the time the present suit was filed, but by 1969 he was free and, with the aid of his wife and some friends, was again dealing in the commodities market.

■■ Dreyfus claims that the transfers of property made in 1953 and 1954 by Butler to Mrs. Butler were fraudulent transfers as to Butler's future creditors. It does not allege that Butler was insolvent prior to 1955, only that under Tennessee law (T.C.A. §§ 64–301, 64–313 and 64–314) the transfers were fraudulent because of the speculative nature of Butler's business. The District Court found it unnecessary to deal with the merits of this contention because it determined that the claim was barred by either the equitable doctrine of laches or the application of the relevant statute of limitations. We agree with that determination. Dreyfus knew of the transfers in 1955 and inexplicably chose to let them go unchallenged until 1968. This time period is greatly in excess of that allowed for the bringing of an action to set aside a conveyance of property. T.C.A. §§ 28–203, 28–310. Dreyfus attempts to avoid the result of its tardiness by asserting that the property was held by Mrs. Butler under a constructive trust. This attempt must fail, however, because Dreyfus' right to enforce such a trust is barred by a six year statute of limitations with respect to contracts T.C.A. § 28–309, or by the ten year catchall statute, T.C.A. § 28–310.

[3] Dreyfus asserts that Butler fraudulently conveyed $327,572.03 to his wife, which figure represents the earnings and profits realized by Butler from his speculations in the market during the period from 1955 to the present. The District Court carefully studied this claim and determined that all but $75,798.82 was attributable to profits realized by Mrs. Butler and others at the risk of their own capital. The remainder was, however, attributable to Butler. These are findings of fact and are not to be disturbed on appeal unless clearly erroneous. Rule 52(a), Fed.R. Civ.P. We find nothing clearly erroneous in the above findings.

The Court also held that Butler owed his wife $315,844.93 as a result of the losses she sustained due to his past frauds, and that she was entitled to offset this amount against the $75,798.82 which she received from her husband. Dreyfus attacks the Court's reasoning in regard to the debt.

■ With respect to the payment ($207,796.05) by Mrs. Butler to the insurance company on the Alabama Grain warehouse bond, Dreyfus says that at most she is entitled to one-half contribution as a joint-obligor on the bond. The District Court's reason for allowing her to treat the full amount as a debt was

"that in equity Butler was obligated to make Mrs. Butler whole for her loss as a result of his fraud." Although the Court did not elucidate, we are satisfied that under equitable principles she was entitled to indemnification. *See* 41 Am. Jur.2d, Indemnity, § 2, and cases cited therein.

Likewise, the District Court found that Butler owed his wife $108,048.88 because of the judgment she paid in the *Hux* case. This finding was based on the premise that although she and her husband were joint tortfeasors, she was merely *in delicto* rather than *in pari delicto*. And once again the Court concluded that Mrs. Butler was entitled, under equitable principles, to be made whole for the loss she sustained because of her husband's fraud. The right of a joint tortfeasor determined to be *in delicto* to seek indemnification from another tortfeasor found *in pari delicto* is recognized under Tennessee law and in a number of other states. Roberson v. Bitner, 221 F.Supp. 279 (E.D.Tenn. 1963); Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 207 A.2d 732 (1965); Hendrickson v. Minnesota Power & Light Co., 258 Minn. 368, 104 N. W.2d 843 (1960); Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744 (1933); Ohio Life Ins. Co. v. Merchants Ins. Co., 30 Tenn. 1 (1850). *See* 41 Am.Jur.2d, Indemnity, §§ 20–21. We find no error in the Court's conclusions in this matter.

Failing in the above arguments concerning the existence of the debt from Butler to his wife, Dreyfus asserts that the debt is barred by the statute of limitations. The District Court found, however, "that Butler has over the years and down to the present many times promised to repay Mrs. Butler for the losses he has caused her by his fraud." Under Tennessee law a new promise to pay a debt removes the bar of the statute of limitations. Hall v. Skidmore, 180 Tenn. 23, 171 S.W.2d 274 (1943). Further, Butler had the right to prefer his wife to Dreyfus as a credi-

tor. T.C.A. §§ 64–311, 64–312; De-Laney Furniture Co. v. Magnavox, 222 Tenn. 329, 435 S.W.2d 828 (1968).

Dreyfus makes a number of other contentions, none of which we consider meritorious. We conclude that none of the errors urged by Dreyfus occurred.

For the reasons stated in the above opinion, we affirm the judgment of the District Court.