Harold GRAVES, Petitioner,

v.

Dorothy SAWYER and Murrell Goins, Respondents.

Supreme Court of Tennessee.

Oct. 15, 1979.

William H. Goddard, Strand & Goddard, Dandridge, for petitioner.

Jerry K. Galyon, Galyon & Stokes, Sevierville, for respondents.

### OPINION

COOPER, Justice.

Certiorari was granted in this case to consider whether a voluntary, unconditional payment of interest on a promissory note tolls the statute of limitations to the date of payment. We hold that it does.

On April 29, 1969, respondents, Dorothy Sawyer and Murrell Goins, executed a promissory note in the amount of $2500.00 payable to Ruby Graves and Harold Graves. The note was due 180 days after execution.

No payments were made on the principal. However, respondents did make three payments of interest on the note after its due date, the final payment of interest being made on August 2, 1972.

On August 24, 1976, petitioner [1] filed suit to collect the note, and all interest and charges due. Respondents admitted executing the note, and relied upon the six year statute of limitations [2] as a defense. Petitioner insisted the payment of interest tolled the statute of limitations and that the action to collect the note was not barred.

The chancellor agreed with the petitioner and entered a decree against the respondents for $3932.46. The Court of Appeals reversed the chancellor's decree and dismissed the action, primarily on the authority of *Hall v. Skidmore,* 26 Tenn.App. 1189, 168 S.W.2d 800 (1942) and at 180 Tenn. 23, 171 S.W.2d 274 (1943). In following precedent, the Court of Appeals called upon this court to reconsider the issue of whether payment of interest tolls the statute of limitations.

In the *Skidmore* case, Mr. Stovall executed a demand note in June, 1932, payable to Mr. Hall. Two payments were made by Mr. Stovall on the principal of the note, the last being in October, 1936. Several payments of interest were made on the note, the last payment being in January, 1940, by check bearing the notation "Interest due 1/12/40." Mr. Stovall died the following month. Mr. Hall filed a claim against Mr. Stovall's estate predicated on the note. The executrix, Mildred Skidmore, plead the six year statute of limitations. The court held that the partial payments of principal and the payments of interest standing alone did not toll the statute of limitations.

In the second *Skidmore* opinion, the one by this court, it was pointed out that:

> The Court of Appeals correctly held that the notation of interest payments "constitutes 'an acknowledgment of the debt'". This alone however, amounts to no expression of a "willingness to pay". There is nothing in the record to indicate the circumstances under which these payments were made. The plaintiff Hall did not testify in the case. We have uniformly held that the acknowledgment of the debt must be "coupled with an expression of a willingness to pay." Such an expression might be implied from words or acts of the debtor, but, in whatever form it is to be found, it must amount to the recognition of a continuing obligation. In other words, the acknowledgment of the debt will be construed as a "willingness to pay" when the facts and circumstances surrounding the parties indicate an intention on the part of the debtor to revitalize the original promise, or "as imparting vitality to the remedy (which, by lapse of time, has become extinct), and thus enabling the creditor to recover upon his original contract.

The court goes on to note that other states hold that an unqualified acknowledgment of an existing debt implies a promise to pay it, but declined to adopt that position, stating:

> We think it would be highly detrimental to the public interest for us to depart from the rule announced in *Steel v. Matthews,* 7 Yerg. 313, 317, *Fuqua v. Dinwiddie,* supra, [74 Tenn. 645], and *Warren v. Cleveland,* supra, [111 Tenn. 174, 76 S.W. 911, 102 Am.St.Rep. 749], as well as other cases.

\*       \*       \*       \*       \*       \*

The holders of promissory notes and other evidence of contractual obligations are well aware of the rule announced in this State. While, as above indicated, we hold that the necessary "expression of a willingness to pay" may be implied from words or acts of the debtor, indicating a recognition of a continuing obligation, we fail to find in the present record sufficient evidence of words or conduct to give rise to this implication.

---

1. Harold Graves is now sole owner of the note. Ruby Graves is deceased.

2. T.C.A. § 28–309.

In asking us to reassess the *rule* followed in the *Skidmore* case, the Court of Appeals voiced the opinion that the rule "is entirely too harsh with dealings where a creditor is tolerating and forbearing. It likewise is too harsh and unrealistic in dealing with transactions between close relatives and good friends. Under our . . . rule a creditor dare not permit his close, trusted friend, business associate, or relative to extend his payments on an indebtedness, regardless of the promptness with which they are made, beyond the six years from the due date, less he lose his right to recover the balance. The facts in both the *Skidmore* and *Coley*[3] cases, *supra,* bear out this grim fact."

We agree with this assessment of the rule set forth in the *Skidmore* case. Further, and contrary to the holding in the *Skidmore* case and cases predicated thereon, we think the affirmative act of a debtor in making a voluntary, unconditional payment on a debt, or interest due on a debt, is such an act that implies "a willingness to pay." What act, short of an unconditional, express promise to pay, could more strongly indicate a willingness to pay than the payment itself?

> Partial payments of the principal and payment of the interest are said to stand on the same footing, as affecting limitation of actions, with the real question being the intention of the payor to recognize the obligation by making the partial payment. In the absence of statute, *it is a general rule that the payment of interest on a debt is an acknowledgment from which a promise to pay the principal obligation may be implied, and operates to keep the debt alive for the statutory period from that time.* 51 Am.Jur.2d, *Limitation of Actions,* § 371. Of like accord, *see* Restatement (Second of Contracts § 86 (emphasis supplied).

Ultimately, the effect of part payment of a debt or a payment of interest on a debt depends, of course, upon the circumstances in which the payment is made. But in the absence of evidence to the contrary, we hold that such a payment is an acknowledgment of the debt and implies a promise of pay-

ment which operates to keep the debt alive for the statutory period from that time. Cases holding to the contrary, such as the *Skidmore* and *Coley* cases, are overruled.

In the instant case there is no evidence that the payment of interest on the note by respondents was other than voluntary and unconditional. It follows that the statute of limitations was tolled by the payment of interest and that the action to collect the note was filed within time.

The judgment of the Court of Appeals is reversed. The decree of the chancellor is reinstated and affirmed. Costs of the cause will be paid by respondents, Dorothy Sawyer and Murrell Goins.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.

---

3. *Coley v. Coley,* 48 Tenn.App. 628, 349 S.W.2d 183 (1960).